**GHEM, INC., Plaintiff,**

v.

**MAPCO PETROLEUM, INC., Defendant.**

Civ. No. 3:89–0949.

United States District Court,
M.D. Tennessee,
Nashville Division.

Dec. 20, 1990.

Douglas E. Jones, Jones & Rogers, Dottie Grief, Nashville, Tenn., for plaintiff.

Dimitri G. Daskal, Washington, D.C., amicus curiae: Tennn. Retail Gasoline Dealers Ass'n.

Richard Lodge, Bennett L. Ross, Bass, Berry & Sims, Nashville, Tenn., for defendant.

## MEMORANDUM

WISEMAN, Chief Judge.

This cause of action is presently before the Court on the motion of defendant Mapco Petroleum, Inc. ("Mapco") for summary judgment. The action is brought under the Tennessee Petroleum Trade Practices Act ("TPTPA"), Tenn.Code Ann. § 47–25–601 et seq. (1988). The amended complaint filed by Ghem, Inc. ("Ghem") alleges that Mapco has violated Tenn.Code Ann. § 47–25–611(a)(1)–(d)(1) by making, offering, or advertising "sales at retail at below cost to the retailer, where the effect is to injure or destroy competition or substantially lessen competition...." See § 47–25–611(a)(1). On June 21, 1990, this Court ordered the parties to brief the issue concerning the elements necessary to state a private action under § 47–25–611(a), including whether the plaintiff must prove "antitrust injury."

For the reasons elaborated below, this Court has determined that Ghem has failed to make out a *prima facie* case under Tenn.Code Ann. § 47–25–611(a), and, therefore, that Mapco is entitled to summary judgment.

### I. Statement of the Case

Mapco operates "Delta Express" stores at 1251 Church Street, Murfreesboro, Tennessee, and at 103 North East Broad Street, Murfreesboro, Tennessee. Plaintiff, Ghem, operates a Shell station directly across the street from Mapco's Church Street Delta Express store. Mapco contends that its Church Street station competes with at least eight service stations, including the Shell station operated by Ghem. The other service stations with which the Church Street Delta Express station competes directly are Exxon, Marathon Oil (Econ), Texaco, Gulf, Jim Dandy, Jiffy Oil, and Dodge. *See Defendant's Statement of Uncontroverted Facts*, at 1.

Ghem's amended complaint, filed February 20, 1990, alleges that Mapco has been engaged in the retail sale of gasoline in competition with Ghem since July 1, 1988, and that since October, 1988, has sold gasoline at below cost in bad faith and with the intent of injuring competitors in the market and substantially lessening the competition in violation of the TPTPA. Specifically, Ghem alleges Mapco sold unleaded gasoline at the East Broad Street station at a retail price below cost on February 9 and 10, 1989, February 17 through February 28, 1989, March 1 through March 8, 1989, March 20, 1989, April 7–9, 1989, April 19, 1989, July 1 and 2, 1989, and September 1 through 11, 1989, this price being below the price for unleaded gasoline set by Mapco's competitors. Also Ghem specifically charges that Mapco sold unleaded gasoline at the Church Street station at a retail price below cost, and below the prices set by its competitors, on January 3, 1989, April 28 through May 1, 1989, and September 1 through 11, 1989.

Ghem contends it is entitled to compensatory and treble damages, attorney's fees, and an injunction against Mapco from selling gasoline below cost in violation of § 47–25–611(a) because Mapco's alleged policy and practice of selling gasoline below cost at both Murfreesboro stations has caused Ghem to suffer irreparable injury.

Mapco makes two fundamental arguments. First, Mapco argues that Ghem has failed to state a cause of action under Tenn.Code Ann. § 47–25–611(a) because it has not shown two elements necessary to such a cause of action—(1) that Mapco's below-cost sales had the actual effect of injuring or destroying competition or substantially lessening competition, and (2) that Ghem suffered an "antitrust injury." *See Brief of Defendant Regarding Elements of Private Cause of Action Under*

*Tenn.Code Ann. § 47–25–611(a).* Second, Mapco argues, even if it offered unleaded gasoline for sale at below cost as defined in the TPTPA, such offers were made in a good faith effort to compete with the equally low or lower price of unleaded gasoline offered for sale by its competitors. This "good faith competition" defense, found in § 47–25–611(h), exempts certain cases of below-cost sales from the ambit of the TPTPA.[1]

Because this Court agrees with Mapco's first argument, it is unnecessary to analyze the merits of Mapco's assertion of the good faith competition defense. Summary judgment is appropriate because Ghem has failed to make out a *prima facie* case under § 47–25–611(a).

## II. Summary Judgment Standard

Summary judgment is appropriate only when "the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987). In examining the record to determine whether a genuine issue of material fact exists, the district court must review all evidence in the light most favorable to the nonmoving party, and "all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

As the United States Supreme Court explained in *Liberty Lobby*, a dispute about a material fact is "genuine" within the meaning of Federal Rule of Civil Procedure 56 only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." 477 U.S. at 248, 106 S.Ct. at 2510. *See also Miles v. Kohli*, 917 F.2d 235, 241 (6th Cir.1990).

After reviewing the evidence in the light most favorable to Ghem, this Court has

concluded that, because the plaintiff failed to establish two elements critical to its cause of action, a reasonable jury could not return a verdict for Ghem. Therefore, summary judgment is appropriately entered in favor of Mapco.

## III. Elements of Private Cause of Action Under § 47–25–611(a)

Ghem claims Mapco violated § 47–25–611(a)(1), which provides the following:

**47–25–611. Sales below cost to retailer.**—(a)(1) No dealer shall make, or offer or advertise to make, sales at retail at below cost to the retailer, where the effect is to injury or destroy competition or substantially lessen competition, unless such sales at retail are exempt under § 47–25–204.

The purpose of the TPTPA's sales below cost prohibition is articulated in the statute itself:

Below-cost selling laws have been effective in preserving independent and small retailers and wholesalers in other trades and businesses from subsidized pricing. Subsidized pricing is inherently unfair and destructive to, and reduces competition in, the motor fuel marketing industry, and is a form of predatory pricing. An additional purpose of this part is to prevent and eliminate subsidized pricing of petroleum and related products.

Tenn.Code Ann. § 47–25–603(b).

The parties dispute the necessary elements to a cause of action under § 47–25–611(a)(1). Ghem contends the four requirements to establish a *prima facie* case are as follows:

1. That the Defendant is a "dealer" as defined in § 47–25–602(2);

2. That the Defendant has made, offered, or advertised to make, retail sales at below-cost to the retailer;

3. That the effect of such sales has been to injure, destroy or substantially lessen competition; and

---

1. Tenn.Code Ann. § 47–25–611(h) (1988) provides the following:

(h) Nothing in this section shall prohibit a dealer from making, or offering or advertising to make, sales at retail which are made in good faith to compete with the equally low or lower retail price of a competitor. Provided, however, such sales at retail under this provision by a vertically integrated producer shall be made in accordance with subsection (b).

4. That the Plaintiff has an interest which is or may be adversely affected by a violation or threatened violation of the below-cost sales act.[2]

*Brief of Plaintiff Regarding Necessary Elements To a Private Cause of Action Under Tenn.Code Ann. § 47–25–611(a),* at 2 ("Plaintiff's Brief"). Mapco also identifies four elements to the cause of action, but it urges the Court to require the plaintiff to prove an "actual" effect on competition and "antitrust injury." Mapco defines the elements as follows:

1. That the Defendant is a dealer that sells petroleum distillates at retail;

2. That the distillates were sold at a price below the dealer's cost, as that term is statutorily defined;

3. That the below-cost sales had the actual effect of injuring or destroying competition or substantially lessening competition; and

4. That the Plaintiff's injury is an antitrust injury, "which requires that the injury 'flow from' decreased competition resulting from that which makes below cost selling unlawful, i.e., predatory pricing."

*Brief of Defendant Regarding Elements of Private Cause of Action Under Tenn. Code Ann. § 47–25–611(a),* at 16–17 ("Defendant's Brief").

This Court concludes that Mapco correctly identified the necessary elements to a private cause of action under § 47–25–611(a). As will be discussed more fully below, this Court also has concluded that Ghem has failed to establish two of the four elements necessary to its cause of action.

### A. Mapco is a Dealer

The parties do not dispute that the first element is met. Tenn.Code Ann. § 47–25–602(2) defines a "dealer" as "any person,

firm, corporation, or partnership engaged in the sale of petroleum products to the public at retail." Ghem's amended complaint identifies Mapco as a corporation engaged in the sale of gasoline and other motor fuels and petroleum products at the retail level.

### B. Mapco Made Retail Sales at Below Cost

Ghem's amended complaint sets forth specific dates on which Mapco allegedly sold unleaded gasoline at specified prices below Mapco's cost. Plaintiff's Amended Complaint, at ¶¶ 13–52. Mapco admits that on specific dates it indeed offered unleaded gasoline for sale at prices below its cost. However, Mapco contends these offers "were made in a good faith effort to compete with the equally low or lower price of unleaded gasoline offered for sale by MAPCO's competitors." *Memorandum in Support of Defendant's Motion For Summary Judgment,* at 2. Because the parties do not seem to be in substantial disagreement over this element, the Court will assume, for the purpose of determining Mapco's summary judgment motion, that Mapco indeed offered unleaded gasoline for sale at below cost at its Murfreesboro stores on the dates designated in Ghem's amended complaint.

### C. Ghem Has Not Shown Actual Injury to Competition

Tenn.Code Ann. § 47–25–611(a)(1) prohibits dealers from making sales at retail below cost only "where the effect is to *injure or destroy competition or substantially lessen competition....*" (emphasis added). The Tennessee Attorney General has stated that "to prevail under this act [the Unfair Gasoline Sales Amendment, 1988 *Tenn.Pub.Acts* Ch. 1033], there must be an *actual adverse effect* on competition

---

**2.** This fourth element states the "standing" requirement set forth in the TPTPA at § 47–25–611(d)(1):

(d)(1) Any person having an interest which is or may be adversely affected by a violation or threatened violation of subsection (a) may commence a civil action on his own behalf against any dealer who is alleged to be in

violation of this section, to recover actual and special damages, for payment of civil penalties, and to enjoin the dealer who has violated, is violating or who is otherwise likely to violate this section. No person whose sales were exempt or who acted in good faith believing his sales were exempt shall be denied injunctive relief, if appropriate.

flowing or resulting from the violation." 88 Atty.Op. 141, at 9 (Aug. 10, 1988). This requirement poses a "serious evidentiary and legal hurdle" for the plaintiff. *Id.* at 7. Ghem has not overcome this hurdle because it has failed to show any actual adverse effect on competition caused by Mapco's below-cost sales of unleaded gasoline.

The Court must start from the premise entrenched in legal analysis under the federal antitrust statutes that antitrust and price discrimination laws "protect competition and not competitors." *See Brown Shoe Co. v. United States,* 370 U.S. 294, 320, 82 S.Ct. 1502, 1521, 8 L.Ed.2d 510 (1962); *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977); *Cargill, Inc. v. Monfort of Colorado, Inc.,* 479 U.S. 104, 107 S.Ct. 484, 93 L.Ed.2d 427 (1986). The Tennessee Attorney General has elaborated on this premise as it applies to a cause of action brought under the below-cost sales provisions of the TPTPA:

> With regard to a below cost sales violation, a necessary element to sustain the cause of action is a showing of an actual adverse effect on *competition* as opposed to a *competitor.* A fair and careful analysis of Pub. Ch. 1033 suggests that damages in a private suit may be awarded only where a dealer establishes an injury to competition itself and not an injury resulting from increased competition.

88 Atty.Op. 141, at 17 (Aug. 10, 1988) (emphasis added). According to the Tennessee Attorney General, establishing an actual effect to injure, destroy or substantially lessen competition "necessarily requires a close examination of the particular market. The examination would look at such factors as costs, prices, profits, consumer choices, innovation, barriers to entry and other competitive or perceived competitive forces in the market before, during and after the below cost pricing scheme." *Id.* at 8–9. Finally, "[t]he loss of a competitor may not lead to a loss of effective competition." *Id.* at 9.

This Court agrees with Mapco that Ghem has failed to allege any actual injury to competition itself. Ghem claims that it suffered damages in the form of lost profits. However, this claim involves injury to a competitor of Mapco, and therefore is unpersuasive on the question whether competition in the relevant market has suffered due to Mapco's below-cost selling. *See D.E. Rogers Associates, Inc. v. Gardner-Denver Co.,* 718 F.2d 1431, 1439 (6th Cir. 1983), *cert. denied,* 467 U.S. 1242, 104 S.Ct. 3513, 82 L.Ed.2d 822 (1984) (rejecting plaintiff's claims of lost profits and lost business as evidence of injury to competition). Ghem fails to define the relevant market in which Mapco operates or even to suggest how Mapco's pricing practices have hindered consumer choices or erected barriers to entry into the relevant market for unleaded gasoline.

Ghem also argues that the harm to competition element "need not ... be satisfied solely by a showing that there has been a decrease in competition...." because "predatory pricing or other anti-competitive behavior may be inferred from below-cost pricing prior to any decrease in competition." Plaintiff's Brief, at 25. Moreover, Ghem argues that if it can show "predatory intent" on the part of Mapco, the Court should infer injury to competition. *Id.* at 22. However, this Court rejects the argument that Mapco's below-cost selling of unleaded gasoline raises an inference of injury to competition. As discussed above, the Tennessee Attorney General's Opinion makes clear that Ghem must prove an *actual* adverse effect on competition to state a cause of action under § 47–25–611(a). This Court also rejects the notion that predatory intent may be inferred merely from the existence of below-cost pricing. In *Richter Concrete Corp. v. Hilltop Concrete Corp.,* 691 F.2d 818, 823 (6th Cir. 1982), the Sixth Circuit explained the special nature of predatory pricing:

> Pricing is predatory when a company foregoes short-term profits in order to develop a market position such that the company can later raise prices and recoup profits. [citation omitted] Predatory pricing differs from healthy compet-

itive pricing in its *motive:* "a predator by his pricing practices seeks 'to impose losses on other firms, not garner gains for itself.'" [citation omitted] Price reductions that constitute a legitimate, competitive response to market conditions are not predatory.

Following the reasoning of the Sixth Circuit in *Richter,* this Court finds that Ghem has failed to substantiate its claim that Mapco possessed predatory intent in offering its unleaded gasoline at below cost. Thus, even assuming the Court may properly infer injury to competition upon a finding of predatory pricing, such an inference is improper in this case because the evidence does not support Ghem's position that Mapco possessed predatory intent. The insufficiency of the evidence tending to show predatory pricing by Mapco will be discussed further below.

The Tennessee Attorney General has stated that "establishing a below cost sale violation under Section 4(a) of Pub. Ch. 1033 is very difficult ..." and that even "[a]ssuming the appropriate costs can be ascertained (a significant assumption in and of itself) *the showing of an effect on competition itself would be formidable.*" 88 Atty.Op. 141, at 11 (Aug. 10, 1988) (emphasis added). This Court has concluded Ghem has not met its "formidable" burden.

### D. Ghem Has Failed to Prove Antitrust Injury

Clearly § 47–25–611(a) does not expressly require the plaintiff to prove that it has suffered an "antitrust injury." Although recognizing that antitrust injury is a necessary element of a claim under § 4 of the Clayton Act, 15 U.S.C. § 15, "to ensure that a federal antitrust claimant is indeed the person whom the antitrust law at issue was designed to protect ...," and to ensure that "the injury claimed is the type of injury the antitrust law was designed to prevent ...," Ghem contends that to require proof of antitrust injury under the Tennessee below-cost sales provisions would be "inconsistent with the remedial nature of the statute." *See* Plaintiff's Brief, at 11–12. Ghem points to the "standing" language contained in § 47–25–

611(d)(1)—"[a]ny person having an interest which is or may be adversely affected by a violation or threatened violation of subsection (a) may commence a civil action on his own behalf against any dealer who is alleged to be in violation of this section ..."—to support its argument that the Tennessee legislature, in enacting the TPTPA, intended to protect a broad range of claimants. *Id.* at 14.

■ However, the Tennessee Court of Appeals has held that a plaintiff must prove antitrust injury in order to recover damages under the discriminatory pricing provision of the TPTPA, Tenn.Code Ann. § 47–25–623. *See Kerr v. Hackney Petroleum Tennessee, Inc.,* 775 S.W.2d 600 (Tenn.Ct.App.1988). The *Kerr* court, "[f]ollowing the reasoning of the federal authority interpreting § 4 of the Clayton Act," explained the required proof of actual injury and causation as follows:

> Plaintiffs must prove *antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful. The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation.

*Id.* at 605, *quoting Brunswick v. Pueblo Bowl–O–Mat,* 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977). Although the Tennessee Court of Appeals was interpreting the discriminatory pricing provisions of the TPTPA, rather than the below-cost sales provisions at issue in this case, this Court is convinced that antitrust injury is also necessary to make out a *prima facie* case under the below-cost sales provisions of the TPTPA.

The U.S. Supreme Court most recently articulated the purpose of requiring proof of antitrust injury in *Atlantic Richfield Co. v. USA Petroleum Co.,* 495 U.S. ——, ——, 110 S.Ct. 1884, 1893–94, 109 L.Ed.2d 333, 349 (1990), in which it stated that the antitrust injury requirement "ensures that the harm claimed by the plaintiff corresponds to the rationale for finding a violation of the antitrust laws in the first place,

and it prevents losses that stem from competition from supporting suits by private plaintiffs for either damages or equitable relief." Although the Supreme Court's holding involved a private damages suit under § 4 of the Clayton Act, the rationale behind imposing an antitrust injury requirement is equally applicable to a private damages suit under the below-cost sales provisions of the TPTPA. Just as antitrust injury does not arise for purposes of § 4 of the Clayton Act until a private party is adversely affected by an *anticompetitive* aspect of the defendant's conduct, such injury does not arise under § 47–25–611(a) of the TPTPA until the plaintiff is adversely affected by an anticompetitive aspect of the defendant's below-cost pricing. According to the Supreme Court, "in the context of pricing practices, only *predatory pricing* has the requisite anticompetitive effect." 495 U.S. at ——, 110 S.Ct. at 1892, 109 L.Ed.2d at 347 (emphasis added).

■ Without conceding its argument that antitrust injury is not a prerequisite to maintaining this cause of action, Ghem argues that it has satisfied the antitrust injury requirement. It argues that antitrust injury exists because Mapco sold unleaded gasoline below cost, and because this below-cost selling on its face constitutes predatory pricing.

The plaintiff is correct in identifying the critical question—whether Ghem has shown that Mapco engaged in predatory pricing.[3] However, Ghem is incorrect in asserting that Mapco's offering of gasoline below cost, in itself, is predatory. Below-cost selling is considered predatory, and hence anticompetitive, when one party sells below cost *"for the purpose of eliminating competitors in the short run and reducing competition in the long run."* *Cargill, Inc. v. Monfort of Colorado, Inc.,* 479 U.S. 104, 117, 107 S.Ct. 484, 493, 93

L.Ed.2d 427 (1986) (emphasis added). Thus, an element of predatory intent must be present for a cause of action under § 47–25–611(a) to be successful. Ghem has failed to make a *prima facie* showing that Mapco possessed predatory intent. It has offered no proof that Mapco's below-cost pricing was initiated to eliminate competitors or to eventually reduce competition. Nor has Ghem suggested that Mapco possesses the market power to successfully affect competition or its competitors.

Moreover, Ghem has not shown that its injury (loss of profits) flowed from the lessening of competition allegedly caused by Mapco's predatory pricing. First, there is no proof of decreased competition caused by Mapco's pricing practices. Secondly, as discussed above, there is insufficient proof that Mapco engaged in predatory pricing. The Supreme Court has indicated that "[c]ourts should not find allegations of predatory pricing credible when the alleged predator is incapable of successfully pursuing a predatory scheme." *Cargill,* 479 U.S. at 119, n. 15, 107 S.Ct. at 494, n. 15. This Court agrees with the defendant that the plaintiff has failed to prove Mapco possesses a sufficient market share to be capable of predatory pricing. Identification of the relevant market is a threshold issue which Ghem has failed to address. Moreover, Mapco is correct to point out that the relatively low entry barriers to the retail petroleum market weaken Ghem's argument that Mapco has engaged in predatory pricing.

The Supreme Court has recognized that predatory pricing is rare. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Although the TPTPA states that "[s]ubsidized pricing ... is a form of predatory pricing ...," § 47–25–603(b), this Court has concluded that Ghem has failed to show Mapco's pricing practic-

---

**3.** Defendant has provided transcripts of the debates within the Tennessee General Assembly over enactment of the below-cost selling provisions of the TPTPA. The remarks of Representative Kisber, one of the sponsors of the legislation, indicate that the legislature was most concerned with predatory pricing. For example, at one point Representative Kisber remarked:

"You have to sell below it where the purpose and effect are to drive out competition, predatory pricing. If you are lowering price to meet competition, if you're lowering your price for some other purpose, we've talked about short-term promotions and things like that, if the effect there is not to drive out competition, you can do so." *See* Defendant's Brief, at 12.

es constitute one of the rare instances of predatory pricing. Ghem urges the Court to interpret § 47–25–603(b) to mean that all instances of below-cost pricing are predatory; however, this Court cannot ignore the Supreme Court precedent discussed above which makes clear that below-cost pricing is prohibited only if the pricing party possesses predatory intent. Ghem has failed to show that Mapco possessed predatory intent.[4]

Moreover, requiring a showing of antitrust injury—in this case, injury resulting from predatory pricing—is not inconsistent with the "broad" grant of standing set forth in Tenn.Code Ann. § 47–25–106 ("Any person having an interest which is or may be adversely affected by a violation or threatened violation of subsection (a) [the sales below cost provision] may commence a civil action...."). This language itself requires a causal connection between the plaintiff's injury and the alleged violation of the below-cost pricing provision. Because the below-cost pricing provision is violated only by a defendant's predatory pricing, the plaintiff necessarily must show that its injury resulted from predatory pricing.

Ghem, in contrast, has alleged merely that it has experienced lost profits due to Mapco's pricing practices. On its face this allegation does not even suggest an injury to competition in the relevant market for unleaded gasoline. Therefore, because this Court agrees with the Tennessee Attorney General's interpretation of the private enforcement provision—"a necessary element to sustain the cause of action is a showing of an *actual adverse effect on competition as opposed to a competitor ...*," 88 Atty. Op. 141, at 17 (Aug. 10, 1988) (emphasis added)—and because Ghem has failed to show injury to competition resulting from predatory pricing by Mapco, this Court must grant Mapco's motion for summary judgment.

**4.** The United States Supreme Court has held that even when a case involves an issue of intent, the party opposing a motion for summary judgment must produce evidence which would prevent the issuance of a directed verdict if the case were to proceed to trial. *Anderson v.*

## IV. Conclusion

Mapco is entitled to summary judgment because Ghem has failed to establish two elements necessary to a cause of action under Tenn.Code Ann. § 47–25–611(a)—(1) proof of an actual adverse effect on competition caused by the defendant's below-cost pricing, and (2) proof of antitrust injury.

Therefore, this Court hereby grants defendant's Motion for Summary Judgment.

*Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Ghem has failed to produce sufficient evidence on the issue of Mapco's alleged predatory intent to prevent the issuance of a directed verdict for Mapco if the case were to proceed to trial.