992 F.2d 1216
 1993-1 Trade Cases P 70,236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GHEM, INC., Plaintiff-Appellant,
v.
MAPCO PETROLEUM, INC., Defendant-Appellee.
 No. 90-6604.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1993.
 
 Before NELSON and SUHRHEINRICH, Circuit Judge, and HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a district court order granting summary judgment for Mapco Petroleum, Inc. (Mapco) in this diversity action brought by Ghem, Inc. (Ghem) under the Tennessee Petroleum Trade Practices Act (TPTPA), Tenn.Code Ann. §§ 47-25-611 to 626. Ghem alleged that Mapco violated section 47-25-611(a)(1) of the TPTPA by selling regular unleaded gasoline at retail at a price below cost to Mapco. The district court granted summary judgment on the ground that Ghem failed to establish a prima facie case under the TPTPA. Ghem appeals. After oral argument, we certified various questions to the Supreme Court of Tennessee. Having received answers to those questions, we AFFIRM.
 
 I.
 
 2
 Ghem is a Tennessee corporation that operates a Shell service station in Murfreesboro, Tennessee. Mapco is a Delaware corporation that operates Delta Express stores. Two Delta Express stores in Murfreesboro sell gasoline at retail in direct competition with Ghem's Shell station. The Delta Express and Shell stations also compete directly with Dodge, Exxon, Gulf, Jiffy Oil, Jim Dandy, Marathon Oil, and Texaco stations.
 
 
 3
 In its amended complaint, Ghem alleged that on certain days in 1989, Mapco sold regular unleaded at its Delta Express stores at a price below cost to Mapco, with the intent to injure competitors and lessen competition. Arguing that Mapco's below-cost sales violated section 47-25-611(a)(1) of the TPTPA, Ghem sought compensatory and treble damages, attorney's fees, and an order enjoining Mapco from selling gasoline below cost.
 
 
 4
 Mapco filed a motion for summary judgment in which it conceded that it had made below-cost sales at retail, but argued that section 47-25-611(h) of the TPTPA exempted it from liability, because the sales were made in good faith to meet the equally low or lower prices of competitors. Before ruling on the motion, the district court ordered the parties to file supplemental briefs to assist the court in identifying the elements of a prima facie case under section 47-25-611(a)(1). The district court's order suggested that the parties address the question of whether a plaintiff must prove antitrust injury, as required under federal antitrust law, to recover under section 47-25-611(a)(1).
 
 
 5
 In its supplemental brief, Mapco included antitrust injury and injury to competition as two of four elements that it believed the TPTPA requires a plaintiff to prove to recover damages. It asserted that Ghem failed to cite sufficient evidence to establish those two elements. Ghem's responsive supplemental brief also listed four elements necessary to state a claim under section 47-25-611(a)(1), but it rejected antitrust injury as an element. In addition, Ghem asserted that it had satisfied the injury to competition element.
 
 
 6
 After Mapco filed a supplemental reply brief, the district court granted summary judgment in favor of Mapco, holding that Ghem had failed to establish a prima facie case under section 47-25-611(a)(1) because Ghem had shown neither antitrust injury nor injury to competition. Ghem, Inc. v. Mapco Petroleum, Inc., 767 F.Supp. 1418 (M.D.Tenn.1990). This appeal followed.
 
 II.
 A. Sua Sponte Summary Judgment
 
 7
 Ghem first argues that the district court clearly erred when it failed to give Ghem notice of its intent to consider issues other than Mapco's good faith competition defense in deciding whether to grant summary judgment for Mapco. We disagree.[1]
 
 
 8
 As this court stated in Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir.1989), "before summary judgment may be granted against a party, Fed.R.Civ.P. 56(c) mandates that the party opposing summary judgment be afforded notice and a reasonable opportunity to respond to all issues to be considered by the court." We have also stated that "where a district court is contemplating entering sua sponte summary judgment against one of the parties, that party is entitled to unequivocal notice of the court's intentions." Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir.1984). After reviewing the record, we conclude that the district court's grant of summary judgment comported with the requirements of Routman and Yashon.
 
 
 9
 The district court's order requiring supplemental briefs put the parties on notice that the court would consider the sufficiency of Ghem's claim at the outset, before it would consider the merits of Mapco's good faith competition defense under section 47-25-611(h). The court stated that "[b]efore the issue of whether Mapco is entitled to the good faith competition defense can be addressed, the court must first identify the elements necessary to a successful claim under § 47-25-611(a)(1)." (emphasis added). The implication is clear that the district court suspected a deficiency in Ghem's claim under the TPTPA and endeavored to first establish the legitimacy of the claim before turning to the merits of Mapco's defense.
 
 
 10
 Our review of the parties' supplemental briefs reveals that they understood that the district court intended to consider whether Ghem alleged, and could support with evidence, a prima facie case under the TPTPA. In its supplemental brief, Mapco sought summary judgment on the ground that Ghem could not establish the elements of a prima facie case under section 47-25-611(a)(1). It stated specifically that "[p]laintiff's inability to prove and its failure to even allege that any below-cost sales by MAPCO had an adverse effect on competition is sufficient grounds for granting MAPCO's Motion for Summary Judgment." In the last sentence of its supplemental brief, Mapco's challenge was explicit and unequivocal: "[b]ecause Plaintiff in this case cannot prove, and has not even alleged, the elements necessary to establish a cause of action under Tenn.Code Ann. § 47-25-611(a)(1), the Court should grant MAPCO's Motion for Summary Judgment." Ghem's supplemental response brief employs similar language regarding the adequacy of its averments and proofs as they related to the elements of a prima facie case under the TPTPA. In its brief, Ghem stated: "[b]ased upon the foregoing, GHEM, Inc., has set forth a legally sufficient cause of action under the Tennessee Petroleum Trade Practices Act." Thus, it was apparent to the parties that the issue of whether Ghem could establish the elements of its case was squarely before the district court on motion for summary judgment. Accordingly, we find no error.
 
 B. Shifting Burdens Under Fed.R.Civ.P. 56
 
 11
 Ghem also claims that the district court made a procedural error by forcing Ghem to come forward with evidence to support each element of its prima facie case. Ghem contends that the district court should have placed on Mapco the burden to produce evidence showing the absence of a genuine issue of material fact. We disagree.
 
 
 12
 In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Supreme Court rejected the notion that a defendant seeking summary judgment must produce evidence disproving the plaintiff's case. The Court noted that the moving party need not "support its motion with affidavits or other similar materials negating the opponent's claim." Id. at 323. Once a defendant seeking summary judgment meets this threshold, the burden shifts to the plaintiff to show that its evidence is sufficient to establish the essential element(s) of its case. Id. at 322-23. If the plaintiff cannot gather enough evidence to support its claim, a trial would serve no worthy purpose and summary judgment is warranted.
 
 
 13
 We see no reason why the Supreme Court's analysis should change merely because a district court, rather than a defendant, raises the question whether a plaintiff can prove its case. Thus, we hold that a plaintiff opposing summary judgment has the burden of coming forward with evidence necessary to support its claim, regardless of whether the defendant moves for summary judgment or the district court notifies the plaintiff to identify its proofs in support of its claim. Ghem's second claim, therefore, fails.
 
 C. The Prima Facie Case
 
 14
 Last, Ghem contends that the district court erred in identifying the elements of a prima facie case under section 47-25-611(a)(1) of the TPTPA and erred in identifying the nature of the proofs required to establish a prima facie case. In relation to these claims, and after oral argument, we certified the following questions to the Tennessee Supreme Court:
 
 
 15
 I. What are the necessary elements to a cause of action under Tenn.Code Ann. § 47-25-611(a)(1)?
 
 
 16
 II. Is an actual adverse effect on competition, as opposed to an adverse effect on a competitor, a necessary prerequisite to a cause of action under Tenn.Code Ann. § 47-25-611(a)(1)?
 
 
 17
 III. Is an "antitrust injury" an essential element to a cause of action under the foregoing statute, and, if so, what type of proof is sufficient to establish an "antitrust injury"?
 
 
 18
 In its opinion addressing these questions, the Tennessee Supreme Court stated, inter alia, that to establish a prima facie case under section 47-25-611(a)(1), a plaintiff must prove five elements: (1) that the defendant is a dealer; (2) that the defendant sells petroleum distillates at retail; (3) that the distillates were sold at a price below the dealer's cost; (4) that the below cost sales had an actual or threatened adverse effect on competition; and (5) that the plaintiff suffered "antitrust injury." Ghem, Inc. v. Mapco Petroleum, Inc., 1993 Tenn. LEXIS 113, 1993-1 Trade Cas. (CCH) P 70161 (Tenn.1993).
 
 
 19
 The district court's order granting summary judgment is consistent with the dictates of the Tennessee Supreme Court. The district court's decision turned, in part, on Ghem's failure to prove injury to competition. The district court found that although Ghem alleged harm to itself, a mere competitor, it did not offer any evidence of harm to competition, as required by the Tennessee Supreme Court. Further, the district court noted that Ghem failed to offer any evidence regarding the relevant market for petroleum distillates. This failure was crucial, because according to the Tennessee Supreme Court, the "injury to competition" inquiry demands a threshold examination of the geographic and product line markets as well as the number of competitors and their approximate market shares. After reviewing the record, we agree with the district court's assessment of the evidence. Thus, we conclude that Ghem failed to plead and/or prove a prima facie case under the TPTPA. Summary judgment was therefore appropriate.[2]
 
 III.
 
 20
 For all of the reasons stated, we AFFIRM the district court's order granting summary judgment in favor of Mapco.
 
 
 
 *
 The Honorable James Harvey, Senior Judge of the United States District Court for the Eastern District of Michigan, sat by designation; however, as a result of his retirement on June 30, 1992, Judge Harvey did not participate in the final opinion
 
 
 [1]
 In its motion for summary judgment, Mapco argued initially that the good faith competition defense provided under section 47-25-611(h) of the TPTPA exempted it from liability
 
 
 [2]
 Ghem's failure to show an adverse effect on competition justifies affirmance and obviates the need to address the issue of whether Ghem proved "antitrust injury."