991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel GARMAN, Plaintiff-Appellant,
v.
John C. DOUGHERTY; Paul Borock, U.S. Trustee; Dougherty,
Schneider and Miller, P.C.; Mark R. Pickens, Individually
and as Deputy U.S. Marshal; John Cichowicz, Individually
and as Deputy U.S. Marshal; Sherwood A. Crump, Individually
and as Deputy U.S. Marshal; City of Pontiac, a Michigan
Municipality; Leonard Frania, Individually and as Sergeant
of the City of Pontiac Police Department, Defendants-Appellees.
 No. 92-2018.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Daniel Garman, pro se, appeals a district court order granting summary judgment in favor of the defendants. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This case stems from certain adversary proceedings in bankruptcy court initiated by the defendant Borock as appointed trustee for the bankrupt estate of William Eugene Dalby. Borock, after extensive investigation, discovered that certain fraudulent conveyances of real property had been made out of the bankrupt estate. Eventually, trustee Borock was awarded a default judgment, so that the real property could be included in the estate. In May of 1989, the property was transferred to Borock under a writ of execution. The plaintiff Garman then filed two complaints in state court, requesting that the default judgment in the adversary proceeding be declared void, and asking the court to enter an order ejecting Borock from the property and enjoining any other defendants from removing or destroying the property. The district court consolidated the two cases after they were properly removed to that forum.
 
 
 3
 In a prior order, this court determined that an appeal of this matter would be frivolous under the standards set forth in Neitzke v. Williams, 490 U.S. 319, 326 (1989), and Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990). In that order, this court denied Garman's motion to proceed in forma pauperis. However, Garman paid the filing fee within fourteen days of the date of the entry of that order. Therefore, this case is now before the court on the merits, after being fully briefed by the parties. Also pending are motions filed by Garman to return his filing fees and "to require reference to appellant as Owners Family Preservation Trust."
 
 
 4
 This court's review of a grant of summary judgment is de novo using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Notwithstanding that principle, de novo review is proper here, where the central issue on review is whether Garman has standing to sue on behalf of the trust he allegedly represents. Bodie-Rickett and Associates v. Mars, Inc., 957 F.2d 287, 289 (6th Cir.1992).
 
 
 5
 Upon review, this court concludes that the district court properly granted summary judgment in favor of the defendants. Based on the evidence of record and Garman's own admissions that he was not a trustee of any of the trusts named in the bankruptcy proceeding below, Garman lacked standing to appeal that bankruptcy court's decision. Moreover, the pleadings and affidavits fail to show that Garman suffered any harm, personally, from the bankruptcy court's judgment. Thus, the relevant facts necessary to decide the ultimate issue of whether Garman had standing to sue, support the district court's summary judgment. Canderm Pharmacal, Ltd., 862 F.2d at 601.
 
 
 6
 Contrary to Garman's argument, Garman was provided at least ten days notice that summary judgment was being considered, upon his receipt of the defendants' motion, which the record shows was served April 22, 1992. In this case, the relevant facts were largely undisputed and no additional discovery would have disclosed facts in support of Garman's claim. Thus, further discovery was not necessary prior to the district court's entry of summary judgment. Chilingirian v. Boris, 882 F.2d 200, 203 (6th Cir.1989). The district court did not fail to provide a reasonable opportunity for the parties to respond to all issues before entering summary judgment. Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 872 (1992); cf. Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971-72 (6th Cir.1989). Garman has not shown or alleged how an extension of the opportunity to submit additional material would have any effect on the district court's final analysis, in order to show reversible error by that court or an abuse of its discretion. Nuclear Transport & Storage, Inc. v. United States, 890 F.2d 1348, 1351 (6th Cir.1989), cert. denied, 494 U.S. 1079 (1990).
 
 
 7
 Because Garman has failed to show how any additional discovery would have changed the outcome of his case or the analysis by the district court, he likewise fails to demonstrate that he was prejudiced by being enjoined from filing additional pleadings in this case by another order of the district court entered January 6, 1992 (enjoining Garman from filing any other pleadings in all pending suits before that court where Garman was proceeding as a trustee on behalf of a "Family Preservation Trust pro per "). The injunction was issued on the very basis that the district court dismissed the case at bar, for lack of standing as the alleged trustee of several trusts which the bankruptcy found to be "sham" entities under the bankruptcy laws.
 
 
 8
 Accordingly, the district court's order granting the defendants' motion for summary judgment is hereby affirmed, the plaintiff's motion to return his filing fees is denied, and the plaintiff's motion to require reference to him as the Owner's Family Preservation Trust is hereby denied as moot. Rule 9(b)(3), Rules of the Sixth Circuit.