**Robert ROUTMAN, d.b.a. Robert Routman & Associates, Plaintiff–Appellant,**

v.

**AUTOMATIC DATA PROCESSING, INC. Defendant–Appellee.**

**Nos. 87–3515, 87–3655.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 2, 1989.

Decided May 5, 1989.

---

Niki Z. Schwartz (argued), Gold, Rotatori, Schwartz & Gibbons Co., LPA, Orville E. Stifel, II (argued), Cleveland, Ohio, for plaintiff-appellant.

William D. Manson, Maynard F. Thomson (argued), Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendant-appellee.

Before ENGEL, Chief Judge, and KRUPANSKY and BOGGS, Circuit Judges.

KRUPANSKY, Circuit Judge.

Plaintiff-appellant Robert Routman, d/b/a Robert Routman & Associates (Routman), a sole proprietorship, has appealed from an order of summary judgment in favor of defendant-appellee, Automatic Data Processing, Inc. (ADP), in an action charging ADP with breach of contract as a result of its failure to purchase "Impact 36," a computer software system designed by appellant to specifically service the wholesale distribution data processing market.

The operative facts joining the issue confronting this appellate review were incorporated into an October 21, 1986 pretrial order entered as a result of an October 16, 1986 district court conducted conference:

> The Court conducted a status call in the above-captioned case on October 16, 1986 with counsel present and participating. The plaintiff has alleged that the defendant breached a marketing agreement entered into with the plaintiff, and requests compensatory damages in the amount of $6.5 million. The Court finds that the threshold issue in the case is whether the parties entered into a marketing agreement. Accordingly, the Court extends discovery until November 30, 1986, but *limits discovery to issues relating to whether the parties entered into a contract* as alleged by the plaintiff.
>
> *The Court stays discovery as to all other issues. The Court grants the defendant leave until November 30, 1986 to file a motion for summary judgment on the contract formation issues.*

(emphasis added).

The mandate of the trial court's order bifurcated the trial and limited the first issue for consideration to "contract formation" and deferred consideration of the "contract breach" to an unspecified future date.

On January 15, 1987, addressing the issue of contract formation, ADP filed its motion for summary judgment denying the existence of any contract between the parties. Appellant responded to the single issue joined by appellee's summary judg-

ment motion. At a hearing before the district court on ADP's motion for summary judgment, appellee attempted to expand the issue of contract formation to include the issue of breach. Appellant objected and refused to address the question of appellee's bad faith breach of contract and insisted that the argument be confined to the existence of a valid contract because appellant had been precluded during its discovery, briefing and related preparation from pursuing its allegations of ADP's bad faith breach of the agreement in controversy.

On April 30, 1987, the trial court, notwithstanding its bifurcation order limiting its consideration to the issue of contract formation, elected, after finding that a contract existed between the parties, to ignore its order, and proceeded *sua sponte* to grant summary judgment in favor of ADP, concluding that appellant had failed to support its allegations of a bad faith breach by ADP.

Appellant timely filed a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) asserting that the trial court erred by ignoring the parameters of its October 21, 1986 order confining discovery, evidence, and argument to the single issue of contract formation and by granting summary judgment in favor of ADP on the bad faith breach of contract issue. The district court denied the motion and appellant timely appealed.

On appeal, appellant has charged that the trial court offended the ten-day notice requirement of Fed.R.Civ.P. 56(c), and its own order bifurcating the trial. Appellant also argues that it was misled by the language of the pretrial order because that order limited the parties to developing only the single issue of contract formation and deferred the "breach of contract" issue until after a disposition of the contract formation issue.

A district court may properly enter summary judgment *sua sponte* where the record discloses the absence of an issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). However, before summary judgment may be granted against a party, Fed.R.Civ.P. 56(c) mandates that the party opposing summary judgment be afforded notice and a reasonable opportunity to respond to all issues to be considered by the court. *Portland Retail Druggist Ass'n v. Kaiser Foundation Health Plan,* 662 F.2d 641, 645 (9th Cir.1981). "Implicit in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop 'facts essential to justify [a party's] opposition to the motion.'" *Kaiser Foundation Health Plan,* 662 F.2d at 645. Rule 56(c) requires at a minimum that an adverse party be extended at least ten days notice before summary judgment may be entered. Rule 56(c); *Beck v. Borden, Inc.,* 724 F.2d 44 (6th Cir.1984); *Kistner v. Califano,* 579 F.2d 1004, 1005 (6th Cir.1978) (per curiam).

"Noncompliance with the time provision of the rule deprives the court of authority to grant summary judgment, ... unless the opposing party has waived this requirement, ... or there has been no prejudice to the opposing party by the Court's failure to comply with this provision of the rule." *Kistner,* 579 F.2d at 1005 (citations omitted). *See also Winbourne v. Eastern Air Lines, Inc.,* 632 F.2d 219 (2d Cir.1980); *Management Investors v. United Mine Workers of America,* 610 F.2d 384 (6th Cir.1979); *Adams v. Campbell County School Dist.,* 483 F.2d 1351, 1353 (10th Cir.1973); *Winfrey v. Brewer,* 570 F.2d 761, 764 (8th Cir.1978) ("[T]he procedural requirements of Rule 56 are to be strictly adhered to.").

In an analogous case, a district court's grant of summary judgment was reversed where it had violated its own pretrial timetable. In reversing the trial court, the Seventh Circuit stated:

By his pre-trial order, the district judge extended the 10–day response time to summary judgment motions provided for in Rule 56(c) to a 33–day period. Once this period was set, the district court was obligated to adhere to its schedule under the same principles which require a dis-

trict court to allow 10 days to respond to a summary judgment motion in cases where that response period has not been altered by a pre-trial order. Courts have consistently held that a district court which does not comply with the advance notice and response provisions of Rule 56(c) has no power to enter summary judgment.

*Indiana Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 111 (7th Cir.1983).

Appellee's argument characterizing the trial court's *sua sponte* action as harmless error under the facts of this case is also less than persuasive. In addressing essentially similar circumstances, this circuit has concluded that:

> The plaintiff in this case did not receive appropriate notice of the district court's intention to enter summary judgment. Since the defendants did not move for summary judgment and since the order of January 14, 1983 did not mention the possibility of summary judgment being entered, the plaintiff was justifiably unsure about the procedural posture of the case.... We hold that where a district court is contemplating entering *sua sponte* summary judgment against one of the parties, that party is entitled to unequivocal notice of the court's intentions. The plaintiff did not receive such notice here.

*Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir.1984). *See also Harrington v. Vandalia–Butler Board of Education*, 649 F.2d 434, 436 (6th Cir.1981); *Hoopes v. Equifax, Inc.*, 611 F.2d 134, 136 (6th Cir.1979); *accord Township of Benton v. County of Berrien*, 570 F.2d 114, 119 (6th Cir.1978). In the instant case, the prejudice to the plaintiff which resulted from the court's order of October 21, 1986 limiting the subject of the appellee's summary judgment motion, the conduct of the discovery proceedings, the briefs and arguments to a single issue of contract formation, far exceeded the prejudice implicated in *Yashon.* The appellant's surprise and resistance to ADP's efforts to extend the arguments at the April 30, 1987 hearing on the motion for summary judgment to include the issue

of breach was evidenced by Routman's objections and refusal to address it.

In sum, this court concludes that the trial court's action as disclosed by its order of October 21, 1986, and its *sua sponte* summary disposition of the case on an issue that appellant was foreclosed from pursuing during discovery and briefing, was highly prejudicial to the appellant's pre-argument preparation, and court presentation and constituted clear error and an abuse of discretion. Accordingly, the decision of the trial court is reversed and the case is remanded for further consideration not inconsistent with this decision.