899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jackie H. CAMPBELL, Jr., Plaintiff-Appellant,
v.
Luther TOWNLEY, Clinic/Hospital Administrator of Morgan
County Regional Correctional Facility, Defendant-Appellee.
 No. 89-5741.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges; and ROBERT E. DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals the district court's summary judgment dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. Additionally, plaintiff requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory and injunctive relief, plaintiff sued the defendant alleging an eighth amendment claim for inadequate medical care. Specifically, he alleged that he has been denied medical treatment for a pre-existing anxiety disorder. He also alleged that, although a tumor was found in his right lung, no medical treatment has been offered. Lastly, he complained that due to his medical condition, he has been assigned to "Longline # 6," a limited duty work assignment and is forced to sit all day on a concrete pad in the sun without water. He alleged that as a result of the conditions on "Longline # 6," he has suffered pain in his back and kidney area, as well as stiffness in his joints. The defendant moved for summary judgment, yet plaintiff failed to file a response. The district court entered a memorandum opinion and order granting summary judgment in favor of the defendant.
 
 
 4
 Upon review, we conclude that summary judgment was proper because there were no genuine issues of material fact and the defendant was entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). To succeed with an eighth amendment claim based on inadequate medical care, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Allegations of medical malpractice or negligent diagnosis and treatment are not cognizable under Sec. 1983. See Estelle, 429 U.S. at 106; Birrell v. Brown, 867 F.2d 956, 958 (6th Cir.1989). Where a plaintiff has received some medical attention, this court will not second-guess the judgment of medical professionals. Estelle, 429 U.S. at 107.
 
 
 5
 In the instant case, the record shows that plaintiff was seen on a variety of occasions by physicians and other medical personnel for various medical complaints. The record further shows that plaintiff received extensive x-ray examinations with regard to the tumor found in his right lung, and that he received medication on a regular basis for his anxiety disorder. Plaintiff thus failed to present a genuine issue of deliberate indifference to serious medical needs.
 
 
 6
 Moreover, summary judgment was proper because the defendant was entitled to judgment as a matter of law. Defendant demonstrated through documented proof that he has no responsibility with respect to plaintiff's health-related work classification, the conditions on "Longline # 6," or plaintiff's course of medical treatment. Plaintiff has not alleged any acts taken by the defendant by which plaintiff was prevented from receiving medical care or for which the defendant should be held responsible for the conditions alleged on "Longline # 6." A complaint which fails to allege that a defendant encouraged or actually participated in a constitutional violation will be dismissed as to that individual. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 7
 Finally, we conclude that, under the circumstances of this case, the district court did not commit reversible error in granting summary judgment before giving plaintiff ten days notice thereof under Fed.R.Civ.P. 59(c). Plaintiff has not demonstrated prejudice by the action of the district court in granting summary judgment nor has he demonstrated that he could have produced evidence sufficient to resist summary judgment had ten days notice been given. See Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir.1989); Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 436 (6th Cir.1981). Thus, the district court's failure to comply with the notice requirement of Rule 56(c) was harmless error.
 
 
 8
 Accordingly, the request for counsel is hereby denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation