947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jay D. SCOTT, Plaintiff-Appellant,
v.
Bruce A. STAFFORD, et al., Defendants-Appellees.
 No. 91-3141.
 United States Court of Appeals, Sixth Circuit.
 Nov. 5, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Jay D. Scott appeals the district court's sua sponte grant of summary judgment in favor of defendants in this action brought under 42 U.S.C. § 1983. For the following reasons we REVERSE and REMAND to the district court.
 
 I.
 
 2
 On the evening of March 24, 1986, plaintiff, an inmate at the Justice Center in Cleveland, Ohio, allegedly attempted to start a riot while corrections officers conducted a cell-to-cell search. On March 25, 1986, plaintiff was transferred to administrative detention on the staff's determination that his continued presence among the prison's general population posed a threat to security and the well-being of the inmates and staff. The following day, he received a copy of the charges arising from the incitment and a statement of his rights. The notice also informed plaintiff that he was to be deprived of any entertainment and exercise and given three days in the "hole." Plaintiff was returned to the general population on March 27, 1986. Defendants state that no further punishment for this infraction followed, and nothing in plaintiff's pleadings refutes this claim.
 
 
 3
 Plaintiff filed this action pro se in April 1987, claiming deprivation of his First, Eighth, and Fourteenth Amendment rights. Specifically, plaintiff alleged that he was denied due process in connection with prison disciplinary proceedings and was denied visitation with his sister while temporarily detained at the Justice Center. Counsel was later appointed to represent plaintiff.
 
 
 4
 Plaintiff moved for summary judgment, and defendants did not oppose the motion. The district court subsequently granted plaintiff's motion as to liability on the grounds that plaintiff had been deprived of a liberty interest created by the Inmate Handbook and indicated that a hearing on damages would be scheduled. Defendants filed a timely motion for reconsideration, alleging that plaintiff had deliberately misled the court with regard to several facts forming the basis of plaintiff's summary judgment motion and asking that the judgment in plaintiff's favor be set aside. Defendants did not seek summary judgment in their own right. Plaintiff filed a response to the motion for reconsideration.
 
 
 5
 The district court granted defendants' motion for reconsideration on the grounds that the court had inadvertently mischaracterized plaintiff's rule infraction as a major rule infraction, which requires a pre-detention hearing, instead of a serious rule infraction, for which summary punishment is appropriate. It therefore vacated its judgment for plaintiff and entered summary judgment for defendants. The district court also denied plaintiff's motion to alter or amend the judgment.
 
 II.
 
 6
 Since we conclude that the record before us creates a genuine issue of material fact as to plaintiff's due process claim, we will dispense with discussion of plaintiff's procedural argument regarding the district court's sua sponte grant of summary judgment for defendants.[1] We review a district court's grant of summary judgment de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd., v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 Plaintiff contends that the district court committed error in granting summary judgment in that there were genuine issues of material fact regarding the denial of a pre-detention hearing and visitation rights. We deal with each contention in turn. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court required that inmates facing disciplinary charges for misconduct be accorded advance notice of the charges, the right to call witnesses and present evidence, an impartial tribunal, and a written statement of reasons relied on by the tribunal. Id. at 563-72. The Court narrowed Wolff in Hewitt v. Helms, 459 U.S. 460 (1983), holding that an inmate may be placed in "nonpunitive" segregation for administrative or supervisory purposes without a Wolff hearing, unless the prison regulations provide him with a protected liberty interest. Id. at 471-77; see Woodson v. Lack, 865 F.2d 107, 109 (6th Cir.1989).
 
 
 8
 In Woodson, this court held that the transfer of a Tennessee prisoner to administrative segregation for his alleged participation in a prison riot constituted "punishment" for a specific rule infraction rather than a general security concern under Tennessee prison policies and that the plaintiff was therefore entitled to a pre-detention hearing in accordance with the procedural requirements set forth in Wolff. See also Bills v. Henderson, 631 F.2d 1287 (6th Cir.1980).
 
 
 9
 In the instant case, plaintiff was accused of "Inciting to Riot." Defendants admit that plaintiff was subsequently placed in administrative detention as summary punishment and not as prehearing detention. It is apparent from the record before us that plaintiff's three day detention was for a specific rule infraction rather than a general prison security concern. Under the authority of Helms, Lack, and Bills, plaintiff was clearly entitled to the procedural requirements set forth in Wolff, and the district court erred in granting sua sponte judgment in favor of defendants as to this issue.
 
 
 10
 Secondly, the district court summarily dismissed plaintiff's claim that defendants deprived him of his visitation rights when they refused to let his sister visit him during the three day period in question. Although prison inmates do not possess an unfettered right to visitation, a state regulation may create some liberty interest in visitation under the Fourteenth Amendment to the United States Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454 (1989); Long v. Norris, 929 F.2d 1111, 1117 (6th Cir.1991).
 
 
 11
 The district court denied plaintiff's visitation claim on the grounds that his supporting affidavit included inadmissible hearsay. However, there is no requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989). As the moving party, plaintiff is not required to support his motion with affidavits. Moreover, it appears that the district court did not examine the applicable Ohio prison regulations, if any, to determine whether they provide inmates with a liberty interest in visitation. We therefore remand to the district court for a more precise consideration of this issue.
 
 
 12
 For all the foregoing reasons, the judgment of the district court is REVERSED and REMANDED. Upon remand the district court is instructed to reinstate its original entry of summary judgment as to liability only in favor of plaintiff's due process claim; as to the visitation rights claim, the court is instructed to conduct further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Under appropriate circumstances a district court may enter sua sponte summary judgment so long as it affords the party against whom judgment is to be entered ten days notice and an adequate opportunity to respond. Routman v. Automatic Data Processing Inc., 873 F.2d 970, 971 (6th Cir.1989); Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir.1984); Kistner v. Califano, 579 F.2d 1004, 1006 (6th Cir.1978); see also Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) (district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, under appropriate circumstances). See generally 6 James Moore et al., Moore's Federal Practice, p 56.12 (1990)