948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy FRENCH; Keith Dahlin Wetherbee; Michael Jordan; Paul
Johnson, Plaintiffs-Appellants,
Stanley Dick, Plaintiff,
v.
John C. RUNDA, et al., Defendants-Appellees.
 No. 91-5574.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1991.
 
 1
 Before KENNEDY and BOGGS, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the request for leave to proceed on appeal in forma pauperis and appointment of counsel contained in the plaintiffs' appellate brief, the record and the briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiffs filed a 42 U.S.C. § 1983 civil rights complaint against the defendants, officers of the Kentucky State Reformatory and the Kentucky State Parole Board, in their individual and official capacities. Plaintiffs alleged that their constitutional rights were denied at parole and parole revocation hearings. They sought a declaratory judgment finding that defendants violated their rights, and compensatory and punitive damages. A magistrate judge prepared findings of fact, conclusions of law and recommendation. He recommended that summary judgment be entered for the defendants in that the complaint failed to state how each defendant violated a plaintiff's constitutional right and therefore failed to state a cause of action. Plaintiffs responded stating that they lacked knowledge of which defendants participated in the parole hearing and who harmed each plaintiff. They asked that they be given an opportunity to make discovery and amend the complaint. The district court judge, after de novo review, granted summary judgment for the defendants. Plaintiffs French, Wetherbee, Jordan and Johnson appealed.
 
 
 4
 Plaintiffs, on appeal, argue that summary judgment was improperly granted because they were not given a reasonable opportunity to present material pertinent to the Fed.R.Civ.P. 56 motion for summary judgment and that they were entitled to an opportunity to amend the complaint.
 
 
 5
 The court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990); Buckner v. City of Highland Park, 901 F.2d 491, 494 (6th Cir.), cert. denied, 111 S.Ct. 137 (1990). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 602 (6th Cir.1988).
 
 
 6
 However, ordinarily summary judgment should not be granted before discovery is completed. See Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir.1989). In the instant case, plaintiffs in their objection to the magistrate judge's order specifically requested the district court wait to rule on the summary judgment motion until after discovery was completed and they had an opportunity to amend their complaint to indicate which defendants violated each of plaintiffs' rights. The district court did not acknowledge plaintiffs' request but instead accepted the magistrate judge's recommendation and granted summary judgment. However, as stated by the magistrate judge in his recommendation, the plaintiffs alleged numerous facts but do not state how those facts demonstrate a violation of their constitutional rights. If allegations are premised upon mere conclusions and opinions, the complaint fails to state a claim. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). Discovery in the instant case was unnecessary to determine which defendants participated in the parole hearings because the allegations of violations of constitutional rights are based upon mere conclusions and the addition of the specific names of the defendants involved would not save the complaint.
 
 
 7
 Accordingly, it is ORDERED that the requests for leave to proceed on appeal in forma pauperis and for the appointment of counsel be denied and the judgment of the district court be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation