41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathleen M. KUBICKI, Plaintiff-Appellant,
v.
Nicholas F. BRADY, Secretary, Department of the Treasury,
Defendant-Appellee.
 No. 93-2413.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Kathleen M. Kubicki, proceeding pro se, appeals a district court judgment dismissing her civil rights complaint filed pursuant to Tile VII, 42 U.S.C. Sec. 2000e. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Kubicki sued the Secretary of the Department of the Treasury, alleging that supervisory officials employed at the Bureau of Alcohol, Tobacco and Firearms (ATF) discriminated against her because of her gender. She alleged that her supervisor repeatedly gave her poor performance evaluations in her position as a group supervisor, despite her group's good performance. She also alleged that she was disciplined for alleged improper handling of evidence, but that two male agents who were subsequently found to be negligent were not disciplined.
 
 
 4
 After reviewing the defendant's motion to dismiss, as well as plaintiff's response, the district court dismissed the complaint because Kubicki had not exhausted her administrative remedies and did not present a sufficiently equitable explanation excusing her failure to do so. On appeal, Kubicki argues that the district court erred when it considered materials outside the pleadings in its order dismissing her complaint pursuant to Fed.R.Civ.P. 12(b)(6). She also argues that the district court improperly dismissed her complaint because she averred that she had met all conditions precedent to filing an action in federal court.
 
 
 5
 Initially, as the district court considered matters outside the pleadings when it rendered its judgment, we construe the order on appeal as granting summary judgment to the defendant. See Nuclear Transp. & Storage v. United States, 890 F.2d 1348, 1351 (6th Cir.1989), cert. denied, 494 U.S. 1079 (1990); Routman v. Automatic Data Processing, 873 F.2d 970, 971 (6th Cir.1989). Upon review, we conclude that the district court properly granted summary judgment to the defendant as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The defendant established that Kubicki's claims are barred because she did not fully exhaust her administrative remedies. See Brown v. General Services Admin., 425 U.S. 820, 832-33 (1976); James v. Rumsfeld, 580 F.2d 224, 227-28 (6th Cir.1978); see also Southern Ohio Coal Co. v. Donovan, 774 F.2d 693, 701 (6th Cir.1985). Finally, Kubicki's arguments on appeal are unpersuasive and do not require reversal of the district court's judgment.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation