62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin Lee GODDARD, Plaintiff-Appellant,
v.
Ray LARSEN, District Attorney, Fayette County; Harold
Buchignani, Director of Fayette County Detention Center;
Lexington Fayette Urban County Division of Police, sued as
Metro Police; Detective Peter Push; Detective Hahn;
Detective Mike Barry; Detective Taylor; Walker Webb, Metro
Police Department; June Hamilton, Fayette County Sheriff's
Department; Officer P. Cigar in his individual capacity;
Officer Turley, in his individual capacity, Defendants-Appellees.
 No. 95-5098.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1995.
 
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Calvin Lee Goddard appeals pro se the dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $2.3 million in damages and the dismissal of criminal charges against him, Goddard filed this action against numerous Kentucky police officials, a jailer, and a prosecutor, alleging that his constitutional rights had been violated on December 2, 1987, when the defendant police officers arrested him during an illegal, warrantless search of his cousin's apartment which also resulted in the seizure of cocaine, drug paraphernalia and a handgun. The district court initially dismissed the complaint sua sponte, but this court remanded the claim for money damages to be stayed during the pendency of the state criminal action. Goddard was convicted of trafficking in cocaine and being a second degree persistent felony offender. That conviction was overturned by the Kentucky Supreme Court on grounds not relevant to this case. On remand, he entered a guilty plea to possession of cocaine, and was sentenced to time served. In this action, a magistrate judge ultimately recommended that the claim against the prosecutor be dismissed on the ground of absolute immunity and the remainder of the defendants be granted summary judgment on the ground of issue preclusion. The district court adopted these recommendations.
 
 
 3
 On appeal, Goddard argues that issue preclusion does not apply because he is challenging the seizure of his person while the state court suppression hearing dealt with the physical evidence seized. He also claims that he did not participate in the suppression hearing, but that it was initiated by his co-defendants. He also challenges the dismissal of his malicious prosecution claim and alleges that the district court ignored his claim of excessive force during arrest.
 
 
 4
 Upon review, we conclude that summary judgment was properly granted to the defendants on the magistrate judge's sua sponte recommendation, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir.1989).
 
 
 5
 Goddard's claim of malicious prosecution fails both on the ground of prosecutorial immunity, see Imbler v. Pachtman, 424 U.S. 409, 431 (1976), and because such a claim is not cognizable where his conviction has not been reversed. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 6
 Goddard's claim that he did not participate in the suppression hearing is simply shown to be false by review of the transcript. Whether the seizure of his person or the physical evidence was at issue, the state court determined that the search was lawful, and this issue is therefore precluded. See Allen v. McCurry, 449 U.S. 90, 104 (1980). Moreover, this claim is similarly noncognizable due to the continuing validity of Goddard's conviction. Heck, supra.
 
 
 7
 Finally, Goddard's claim regarding excessive force during his arrest is rejected, as the facts in support of this claim appear for the first time in his appellate brief. This court reviews the case as presented to the district court, not a better one fashioned after judgment has been entered. White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 8
 For all of the above reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.