65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick L. ANGST, Individually and on behalf of a class of
all others similarly situated, Plaintiff-Appellant,
v.
KENTUCKY CENTRAL LIFE INSURANCE COMPANY; William E.
Burnett, Jr.; Wendell L. Gunn; C.R. Hembree; Robert D.
Preston; E.F. Schaeffer, Jr.; Lawrence J. Sammartin; E.W.
Yates; and Deloitte & Touche (94-5772), and Central Bank
and Trust Company, as Trustee of the Garvice D. Kincaid
Intervivos and Testamentary Trust; Garvice D. Kincaid
Intervivos and Testamentary Trust; Kincaid, Wilson,
Schaeffer, Hembree & Kinser, P.S.C.; Charles R. Hembree;
Edwin F. Schaeffer, Jr.; and Margaret A. Burnett, Executrix
of the Estate of William E. Burnett, Jr. (94-6011),
Defendants-Appellees.
 Nos. 94-5772, 94-6011.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1995.
 
 Before: CONTIE, RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 I.
 
 1
 This consolidated appeal presents two separate actions seeking class certification of all persons who acquired publicly-owned common stock of defendant Kentucky Central Life Insurance Company ("KCLI") between March 5, 1992 and February 12, 1993. The plaintiff in both cases, Frederick L. Angst ("Angst"), asserts on behalf of himself and others similarly situated that KCLI, certain former officers and directors of KCLI, its independent auditor, general counsel, and other entities with controlling interests in KCLI violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b) and 78t(a); SEC Rule 10b-5, 17 C.F.R. 240.10b-5; and related state law; in issuing a series of public reports which materially misrepresented that KCLI's real estate portfolio was strong and that it maintained adequate reserves for any bad loan investments. See Angst v. Kentucky Cent. Life Ins. Co. ("Angst I "), Civ. Action No. 93-152 (E.D.Ky. Apr. 15, 1993) (Forester, J.), and Angst v. Central Bank & Trust Co. ("Angst II "), Civ. Action No. 94-36 (E.D.Ky. July 25, 1994) (Wilhoit, J.).
 
 
 2
 The district court in Angst I found that Angst's pattern of trading activity during the class period rendered him atypical of other investors and thus not suitable to serve as a class representative under Fed.R.Civ.P. 23. The court also held that plaintiff's trading history defeated his claims on the merits and granted summary judgment to all defendants. In Angst II, which differs from Angst I only to the extent that the defendants do not completely overlap, the court adopted the reasoning and holding of Angst I, as well as invoking the doctrines of res judicata and collateral estoppel, and likewise denied class certification and granted summary judgment to defendants. The final judgments of the district courts in Angst I and Angst II were consolidated for purposes of appeal.
 
 
 3
 On appeal, plaintiff challenges the denial of certification and grant of summary judgment in both Angst I and Angst II.
 
 II.
 A.
 
 4
 Because it is potentially dispositive, we consider the district court's[1] grant of summary judgment first. The district court found "[a]s a matter of law, given the history of Angst's purchases and sales of Kentucky Central stock, he cannot meet the required elements of securities fraud." Specifically, the court held that Angst could not prove actual, justifiable reliance on the alleged fraudulent devices, because he "cannot show that he purchased securities in connection with a fraudulent device because he sold stock during the times that the alleged deception caused supposed inflated stock prices." In addition, a "fraud-on-the-market" theory was unavailable to Angst, "because he could not have relied on the integrity of the market when he made his purchases when the price was declining in reaction to negative publicity."
 
 
 5
 We review a district court's grant of summary judgment de novo. Faughender v. City of North Olmsted, Ohio, 927 F.2d 909, 912 (6th Cir.1991). In doing so, we are mindful that " '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.' " Russo v. City of Cincinnati, 953 F.2d 1036, 1042 (6th Cir.1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 6
 Upon de novo review of the record, we hold that the district court erred in its conclusions that there was no issue of fact as to both the presumption of reliance and actual reliance. Regarding presumptive reliance, or the "fraud-on-the market" theory, we note that the district court's own description of plaintiff's investment activity reveals that on several occasions, plaintiff bought stock after good news was disseminated, or at a minimum, in the absence of bad news. Further, a number of plaintiff's purchases occurred after mixed reports about KCLI's financial viability. At best, the evidence of plaintiff's reliance on the integrity of the market is equivocal, and consequently, it was improper for the district court to draw inferences and make factual findings necessary to its ruling "as a matter of law." Summary judgment based on a lack of presumed reliance was improper.
 
 
 7
 The same holds true as to the lower court's ruling on actual reliance. Angst's deposition testimony provides ample proof that he was specifically aware, either through discussions with his stockbroker or personal review, of various disseminations by the company, including press releases, financial statements, and possibly an annual report. (See, e.g., J.A. 1738-39; 1741-44; 1773.) Angst further testified that based upon these positive reports, including the Company's representations that it had adequate reserves, he believed KCLI stock to be a good buy. (Id. at 1776.) The district court's grant of summary judgment on an alleged lack of actual reliance was also in error. Finally, the district court's sua sponte grant of summary judgment on the question of reliance was also improper because the court did not afford the parties with notice or a reasonable opportunity to respond to this issue in the summary judgment context. See Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir.1989).
 
 B.
 
 8
 Plaintiff also challenges the district court's denial of class certification. The lower court found that given his trading pattern, Angst was "not at all like other persons who purchased stock during the class period," in part because he benefited from the alleged fraud during 1992, making a profit.
 
 
 9
 It is undisputed that plaintiff suffered losses only during 1993. Thus, he has interests and injuries unique to plaintiffs who purchased during the class period and retained their stocks throughout. Given these distinctions, we find that the district court did not abuse its broad discretion in denying class certification. Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1197 (6th Cir.1988). Cf. Mayer v. Mylod, 988 F.2d 635, 640-41 (6th Cir.1993) (although district court erred in refusing to certify class because named representative made money from his investment in contrast with other class members, which was not automatically a reason to deny certification, court did not abuse its discretion in determining that common issues did not predominate and that certification was improper).
 
 C.
 
 10
 Finally, given our disposition of the summary judgment ruling in Angst I, that aspect of the judgment in Angst II must likewise be reversed. See Erebia v. Chrysler Plastic Prods. Corp., 891 F.2d 1212, 1215 (6th Cir.1989) (judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel; and citations therein).
 
 III.
 
 11
 For the foregoing reasons, the order of the district court in Case No. 94-5772 denying plaintiff's motion for class certification is AFFIRMED; the order granting summary judgment to all defendants is REVERSED, and the matter is REMANDED for further proceedings not inconsistent with this opinion. The order of the district court in Case No. 94-6011 denying the motion for class certification is likewise AFFIRMED; and the order granting defendants' motion for summary judgment is also REVERSED and REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 Because the core of plaintiff's claims arise out of the Angst I holding, all designations to the district court, unless otherwise indicated, are to the Angst I court