NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0147n.06
Filed: December 6, 2004

No. 03-4145

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JERRY L. DOYLE,

     Plaintiff-Appellant,

v.                                    ON APPEAL FROM THE UNITED
                                         STATES DISTRICT COURT FOR THE
CITY OF COLUMBUS,              SOUTHERN DISTRICT OF OHIO
FLETCHER FARR,
GEORGE E. SMITH
and DONALD WAGNER,

     Defendants-Appellees.

_____/

BEFORE:    KEITH, CLAY and COOK, Circuit Judges.

     **CLAY**, **Circuit Judge.** Plaintiff Jerry L. Doyle appeals from the order entered by the United States District Court for the Southern District of Ohio on July 22, 2003, granting summary judgment in favor of Defendants Fletcher Farr, George E. Smith and Donald Wagner in Plaintiff's suit alleging civil rights violations under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and violations of Ohio common law. For the reasons set forth below, we **AFFIRM** the district court's order as to all claims against Defendant Wagner, however we **REVERSE** the district court's order as to claims against Defendants Farr and Smith under 42 U.S.C. § 1983 alleging violations of the First and Fourth Amendments, and **REMAND** for proceedings consistent with this opinion.

**BACKGROUND**

*Procedural History*

On August 20, 1999, Plaintiff was arrested and charged with disorderly conduct under Section 2317.11(A)(2) of the Columbus Municipal Code. Plaintiff was acquitted by a Franklin County Municipal Court jury on January 13, 2000. On August 21, 2000, Plaintiff filed the present lawsuit in federal court, naming as Defendants the City of Columbus, Columbus police officers Fletcher Farr and George E. Smith, radio station programmer Donald Wagner, and ABC Doe Company, an unknown radio station. The suit was brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and alleged violations of Plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights, as well as various provisions of Ohio common law. Plaintiff amended his complaint on August 20, 2001, substituting Infinity Broadcasting Corporation for ABC Doe Company.[1]

Defendants City of Columbus, Farr, Smith and Wagner moved for summary judgment in December 2002. In their memorandum supporting their motion, Defendants Farr and Smith specifically noted that they were not moving for summary judgment on Plaintiff's First and Fourth Amendment claims raised pursuant to 42 U.S.C. § 1983. Plaintiff responded on January 30, 2003, by filing two memoranda, one opposing Defendant Wagner's motion for summary judgment, and the other voluntarily dismissing all claims against the City of Columbus, and voluntarily dismissing Plaintiff's Fifth and Fourteenth Amendment claims against Defendants Farr and Smith.

---

[1]Infinity Broadcasting has never been properly served, and thus no claims against it have ever gone forward.

On July 22, 2003, the district court granted summary judgment in favor of Defendants Wagner, Farr and Smith on all counts, and dismissed Plaintiff's case.

Plaintiff appealed to this Court on August 20, 2003.

### *Substantive Facts*

Plaintiff Doyle is a member of a community organization called the "Friends of Freedom" ("Friends"). Beginning on March 29, 1999, the Friends commenced an ongoing protest at the offices of Nationwide Insurance Company ("Nationwide"), located in downtown Columbus, Ohio. Plaintiff and other Friends gathered almost daily from approximately 11:00 a.m. until 1:00 p.m. on the public sidewalk adjacent to Nationwide's offices. The Friends believed that Nationwide owed a debt to the Columbus Board of Education for the breach of a prior agreement. As part of the protest, Plaintiff held signs, passed out literature to pedestrians, and preached, often shouting "Pay up Nationwide." Defendants Farr and Smith, both Columbus police officers, occasionally observed the protests, but no arrests were made prior to August 20, 1999.

Sensenbrenner Park is a public park in downtown Columbus, near the Friends' protest site. On August 20, 1999, radio station WHOK-FM 95.5 sponsored a free afternoon concert in the park. During the concert, Plaintiff and other Friends were engaged in their usual protest in front of Nationwide's offices. Several concert-goers complained to Defendants Farr and Smith that Plaintiff was shouting loudly and frequently, and that his yelling inhibited their ability to enjoy the concert. Defendant Wagner, WHOK's program director and the organizer of the concert, also approached Farr and Smith, and asked them whether they could do something to quiet Plaintiff, as he had also

received complaints. Defendant Wagner was apparently worried that an altercation could break out between angry concert attendees and Plaintiff.

Farr and Smith informed Wagner that they could not do anything unless Wagner was willing to file a criminal complaint against Plaintiff. Wagner indicated that he would file a complaint, and Farr and Smith approached Plaintiff. Farr and Smith warned Plaintiff to quiet his protest, and told him that if he continued to shout, he would be arrested. Plaintiff did not stop shouting, and Farr and Smith placed him under arrest. Pursuant to the arrest, Farr and Smith handcuffed Plaintiff and searched his person. No other Friends were arrested.

Wagner filed a criminal complaint against Plaintiff under Columbus Municipal Code Section 2317.11(A)(2), misdemeanor disorderly conduct. Specifically, the complaint charges that Plaintiff,

> [D]id recklessly cause inconvenience, annoyance and alarm to another to wit: Donald W. Wagner by making unreasonable noise to a person Donald W. Wagner which was likely to provoke the average person to an immediate breach of the peace to wit: causing a fight and having persisted after a reasonable request to desist was made by Off. Fletcher Farr #116.

Trial was held in Franklin County Municipal Court, and Plaintiff was acquitted by a jury.

Plaintiff subsequently filed this civil rights action. Plaintiff's Amended Complaint pleads twenty separate counts against Defendants, including: conspiracy to deprive Plaintiff of his rights to free expression, freedom from unreasonable search and seizure, liberty, property, due process and equal protection of the laws under the First, Fourth, Fifth and Fourteenth Amendments; significant anxiety, stress, bodily injuries and deprivation of Plaintiff's right to dignity; false detention, arrest, imprisonment and restraint in violation of Ohio law; deprivation of civil rights under color of law in violation of § 1983 and § 1985; negligent and intentional assault in violation of Ohio law;

4

negligent and intentional infliction of serious emotional distress; illegal search and seizure of Plaintiff's property and person; illegal invasion of privacy; malicious prosecution; abuse of process; defamation; violations of § 1981 and § 1986; and abridgement of Plaintiff's First Amendment rights to free speech and free assembly. Plaintiff requested declaratory relief, a public apology, at least $500,000.00 in both compensatory and punitive damages, and attorney's fees.

Defendants City of Columbus, Farr and Smith jointly moved for summary judgment, as did Defendant Wagner. The City and Wagner sought summary judgment on all claims against them, while Farr and Smith sought summary judgment on all claims except the First and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983. Prior to the district court's decision, Plaintiff voluntarily dismissed all claims against the City, and his Fifth and Fourteenth Amendment claims against Farr and Smith.

The district court granted summary judgment to all Defendants on all claims, contending that Plaintiff had no proof of any of his allegations. According to the district court, other than Plaintiff's bald assertions, there was no evidence of a conspiracy between Farr, Smith and Wagner to deprive Plaintiff of his civil rights. Because there was no evidence of conspiracy, the district court held that Defendant Wagner was not involved in any state action, and is therefore immune from liability as a private citizen. The court further held that Plaintiff did not plead a prima facie case of discrimination under § 1981 against Farr and Smith; apart from his assertion that he is African-American and Farr and Smith are white, Plaintiff failed to allege, much less prove, that his arrest was due to race or any other discriminatory motive. The court also found that Plaintiff failed to prove any of his state law claims, and that Defendants Farr and Smith are entitled to state law

immunity under Ohio Rev. Code § 2744.03(A)(6). The district court did not rule on Plaintiff's First and Fourth Amendment claims, but it nonetheless dismissed Plaintiff's case against all Defendants in its entirety.

## DISCUSSION

The only issue presented by this appeal is whether or not the district court abused its discretion in *sua sponte* granting summary judgment for Defendants on claims that were not addressed in their respective motions for summary judgment.

Generally, we review a district court's decision to grant summary judgment *de novo*. *Smith v. Henderson*, 376 F.3d 529, 533 (6th Cir. 2004). However, when the district court chooses to grant summary judgment *sua sponte*, we employ a two-step analysis. *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 203 (6th Cir. 1998). First, "[t]he substance of the district court's decision must . . . meet the normal standards for judgement [sic]," and second, "the procedural decision to enter summary judgment *sua sponte* must also be reviewed to determine if the court abused its discretion by entering the judgment on its own motion." *Employers Ins. of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 105 (6th Cir. 1995).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When reviewing a district court's decision to grant summary judgment, "this Court must view all the facts and the inferences drawn therefrom in the light most favorable to the nonmoving party." *United Rentals (North America), Inc. v. Keizer*, 355 F.3d 399,

406 (6th Cir. 2004); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  However, the nonmoving party must put forth more than a "mere scintilla of evidence," *Skousen v. Brighton High School*, 305 F.3d 520, 526 (6th Cir. 2002), and "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

The district court has discretion to enter summary judgment *sua sponte* "'so long as the losing party was on notice that she had to come forward with all her evidence.'"  *Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401, 407 (6th Cir. 1999) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  This Court will only find an abuse of discretion when it "'is firmly convinced that a mistake has been made.'" *United States v. Trujillo*, 376 F.3d 593, 613 (6th Cir. 2004) (*quoting United States v. Carroll*, 26 F.3d 1380, 1383 (6th Cir. 1994)).

## A.    Claims Against Defendant Wagner

Plaintiff does not contest the district court's grant of summary judgment to Defendant Wagner on his federal civil rights and constitutional claims.  However, Plaintiff contends that the district court erred in granting summary judgment to Wagner on Plaintiff's state law claims, because Wagner did not move for summary judgment on those claims.  We disagree.

First, Plaintiff has not presented evidence sufficient to create a genuine issue of material fact on any of his state law claims against Defendant Wagner.  Plaintiff asserts claims of abuse of process, malicious prosecution, defamation, and intentional and negligent infliction of emotional

distress against Wagner. However, apart from the allegations in his pleadings, Plaintiff presents no evidence that Wagner committed any of these torts, and further fails to allege facts sufficient for a court to find the requisite elements of these claims. For example, under Ohio law the elements of malicious prosecution are (1) malice in instituting or continuing prosecution, (2) lack of probable cause and (3) termination of prosecution in favor of the accused. *See Trussell v. General Motors Corp.*, 559 N.E.2d 732, 735 (Ohio 1990). Plaintiff's Amended Complaint does not plead facts from which a reasonable trier of fact could find malice in instituting or continuing prosecution, or a lack of probable cause. The same is true for Plaintiff's other state law claims against Defendant Wagner. Thus, the district court correctly found that there were no genuine issues of material fact remaining on Plaintiff's Ohio law claims against Wagner.

Second, we do not find that the district court abused its discretion in granting summary judgment *sua sponte* to Defendant Wagner. We have noted that "a district court does not have sweeping authority to enter summary judgment at any time, without notice, against any party." *Employers Ins. of Wausau*, 69 F.3d at 105. "[B]efore summary judgment may be granted against a party, Fed. R. Civ. P. 56(c) mandates that the party opposing summary judgment be afforded [ten days] notice and a reasonable opportunity to respond to all issues to be considered by the court." *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir. 1989). Failure by the district court to adhere to Rule 56(c)'s notice requirement "deprives the court of authority to grant summary judgment, unless the opposing party has waived this requirement, or there has been no prejudice to the opposing party by the court's failure to comply with this provision of the rule."

*American Road Serv. Co. v. Consol. Rail Corp.*, 348 F.3d 565, 567 (6th Cir. 2003) (quotations and citations omitted).

There is no evidence that the district court provided Plaintiff with the notice required by Rule 56(c). However, we find that Plaintiff was not prejudiced by the grant of summary judgment to Defendant Wagner. We note that in his Reply to Plaintiff's Memorandum Contra Motion for Summary Judgment, Wagner specifically "maintains that he is entitled to Judgment as a Matter of Law on all of Plaintiff's Claims" against him; thus Plaintiff's contention that Wagner failed to move for summary judgment on the Ohio claims overstates the strength of Plaintiff's position. However, even if Wagner had not included this statement in his reply memorandum, the district court did not abuse its discretion. Plaintiff alleged the same state law violations against Farr, Smith and Wagner, and Farr and Smith clearly moved for summary judgment on all Ohio claims. Therefore, Plaintiff was put on notice to come forward with all evidence to support his state law claims through Defendants Farr and Smith's motion for summary judgment. *See Grand Rapids Plastics, Inc.*, 188 F.3d at 407 (holding that there was no abuse of discretion where "the other parties' motions for summary judgment put [plaintiff] on notice" to come forward with sufficient evidence to defeat summary judgment).

Between Defendants Farr and Smith's motion and Defendant Wagner's reply, which were filed seven months and five months, respectively, prior to the district court's issuance of its opinion, Plaintiff was put on notice to bring forth all available evidence to support his claim that Defendants violated Ohio law. The district court did not abuse its discretion in granting full summary judgment to Defendant Wagner.

**B.      Claims Against Defendants Farr and Smith**

In both their motion for summary judgment and their reply to Plaintiff's memorandum contesting summary judgment, Defendants Farr and Smith explicitly stated that they were not seeking summary judgment on Plaintiff's First and Fourth Amendment claims brought pursuant to § 1983.  Without any discussion of the merits of those claims, the district court granted full summary judgment to Farr and Smith, and dismissed Plaintiff's case.

Because the district court did not address the merits of Plaintiff's First and Fourth Amendment claims, it is unnecessary for us to perform the first step of the *Employers Insurance* test, *i.e.*, examining whether the district court's decision passes normal summary judgment standards. *Employers Ins. of Wausau*, 69 F.3d at 105.  Under the second step, we find that the district court committed a clear abuse of discretion in awarding summary judgment to Defendants Farr and Smith on the First and Fourth Amendment claims.

Granting summary judgment *sua sponte* is "a practice that we discourage." *Beaty v. United States*, 937 F.2d 288, 291 (6th Cir. 1991).  The practice is especially discouraged "when the court does not give advance notice of the potential action to the adversely affected party." *Employers Ins. of Wausau*, 69 F.3d at 105.  Here, Plaintiff had absolutely no notice that the court was going to grant summary judgment to Farr and Smith on the First and Fourth Amendment claims.  The court did not comply with Rule 56(c), Plaintiff did not waive notice, and Defendants specifically stated that they were not including those claims in their motion for summary judgment.  Additionally, Plaintiff was not put on notice by anything in Defendant Wagner's motion for summary judgment, which focused almost exclusively on his immunity from liability as a non-state actor.

Because Plaintiff was not "afforded a reasonable opportunity to respond to all issues to be considered by the court," the district court's grant of summary judgment to Defendants Farr and Smith on the § 1983 First and Fourth Amendment claims was a clear abuse of discretion. *Routman*, 873 F.2d at 971.

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court's grant of summary judgment to Defendant Wagner, and we **REVERSE** the district court's *sua sponte* grant of summary judgment to Defendants Farr and Smith on the First and Fourth Amendment claims brought under 42 U.S.C. § 1983, and **REMAND** for further proceedings consistent with this opinion.