NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0016n.06

No. 14-1349

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 07, 2015
DEBORAH S. HUNT, Clerk

MARK HILLER; TONYA HILLER,          )
                                    )
        Plaintiffs-Appellants,      )
                                    )   ON APPEAL FROM THE UNITED
v.                                  )   STATES DISTRICT COURT FOR
                                    )   THE EASTERN DISTRICT OF
HSBC FINANCE CORPORATION, et al.,   )   MICHIGAN
                                    )
        Defendants-Appellees.       )
                                    )
                                    )

BEFORE: COLE, Chief Judge; KETHLEDGE, Circuit Judge; OLIVER, District Judge.*

PER CURIAM. Mark and Tonya Hiller (the "Hillers") appeal the district court's judgment dismissing their complaint arising from their application for a mortgage loan, their attempts to modify that loan, and the institution of foreclosure proceedings by HSBC Finance Corporation ("HSBC"). As set forth below, we affirm.

The Hillers filed their complaint against HSBC and two unknown defendants in Michigan state court. After removing the case to the district court based on diversity of citizenship, HSBC answered the complaint and moved for judgment on the pleadings or, in the alternative, summary judgment. In response, the Hillers voluntarily dismissed several claims, leaving their claims for violation of Michigan's foreclosure by advertisement statutes, breach of contract, and intentional and constructive fraud, and filed their own motion for judgment on the pleadings. After a

---

* The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

hearing on the cross-motions for judgment on the pleadings, the Hillers moved for leave to file an amended complaint. The district court denied the Hillers' motion for leave to amend, granted HSBC's motion for judgment on the pleadings, and denied the Hillers' other motions. This timely appeal followed.

The Hillers contend that the district court erred in denying their motion for leave to file an amended complaint. We review the district court's denial of leave to amend for abuse of discretion. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But the court may deny leave based on "undue delay, bad faith or dilatory motive on the part of the movant [and] undue prejudice to the opposing party by virtue of allowance of the amendment," among other reasons. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Relying on *Glazer*, in which this court upheld the denial of leave to amend under similar circumstances, the district court denied the Hillers' motion based on delay and bad faith on their part and prejudice to HSBC. The Hillers filed their motion for leave to amend after the parties' cross-motions for judgment on the pleadings had been fully briefed and argued before the district court. On appeal, the Hillers claim that they were waiting on HSBC to provide discovery needed to amend their complaint. But the Hillers went ahead and filed their motion for leave to amend without that discovery. The Hillers' assertions on appeal that they merely sought to "tighten up" their existing claims further demonstrate that they could have filed their motion earlier than nearly nine months after the filing of the original complaint. "[A]llowing amendment under these circumstances would encourage delay and bad faith on the part of plaintiffs and prejudice defendants who would have wasted time and expense attacking a hypothetical complaint."

*Glazer*, 704 F.3d at 458-59. The district court did not abuse its discretion in denying the Hillers' motion for leave to file an amended complaint.

The Hillers next argue that the district court erred in dismissing the two unknown defendants. In removing this case, HSBC asserted that the Hillers fraudulently joined two unknown defendants—"Unknown Trustee," the trustee of "the currently unknown asset-backed security in which the loan at issue was pooled," and "Unknown Trust, the currently unknown holders of said asset-backed security." The Hillers did not move to remand the case and omitted the unknown defendants from their proposed amended complaint. Stating that there was no objection from the Hillers, the district court dismissed the unknown defendants as fraudulently joined.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. We review the district court's decision to drop a misjoined party pursuant to Rule 21 for abuse of discretion. *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003). The Hillers make no argument that the unknown defendants were necessary parties. *See Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). We can discern no abuse of discretion in the district court's dismissal of the unknown defendants.

The Hillers contend that the district court prematurely granted judgment on the pleadings because discovery was not complete. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In granting judgment on the pleadings in favor of HSBC, the district court applied the Rule 12(b)(6) standard for failure to state a claim and did not consider any evidence outside the pleadings. Further discovery would not have impacted the district court's decision, which was based solely on the pleadings. In support of their argument that the district court's decision was premature,

the Hillers cite cases involving motions for summary judgment, not motions for judgment on the pleadings. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 419-20 (6th Cir. 2008); *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971-72 (6th Cir. 1989). The Hillers do not otherwise challenge the district court's decision to grant judgment on the pleadings in favor of HSBC.

Again citing a summary judgment case, *see Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 751-54 (6th Cir. 2012), the Hillers argue that the district court erred in denying their motion to compel discovery. The district court's judgment on the pleadings rendered the Hillers' motion moot.

For the foregoing reasons, we affirm the district court's judgment.