**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Carl N. MILLER, Sr., Administrator of the Estate of Florence M. Batt, Deceased, Defendant,**

and

**Frances Virginia Batt Sutton, Intervening Defendant-Appellant.**

**No. 14026.**

United States Court of Appeals Seventh Circuit.

June 12, 1963.

John A. Kesler, Terre Haute, Ind., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Burton Berkley, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., Richard P. Stein, U. S. Atty., Indianapolis, Ind., Lee A. Jackson, Joseph M. Howard, Attorneys, Department of Justice, Washington, D. C., James R. Thornton, Asst. U. S. Atty., for appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Intervening defendant-appellant Frances Virginia Batt Sutton appeals from a judgment awarded the Government for estate taxes in the amount of $38,731.61, plus accrued interest of $14,755.31, with statutory interest until the taxes are paid, against the administrator of the estate of Florence M. Batt deceased.

On March 2, 1962, the Government filed a complaint alleging that Florence M. Batt died intestate on August 2, 1948, and that the defendant Carl N. Miller, Sr., as administrator of her estate, owed federal estate taxes in the amounts of

$37,516.59 and $1,215.02, which taxes had been duly assessed on March 8, 1956, and April 13, 1956, respectively. The complaint asked for a judgment in the amount of $38,731.61, plus statutory interest. The administrator filed an answer, admitting the allegations of the complaint, and the Government subsequently moved for summary judgment on the pleadings. Before the district court had acted on the Government's motion, appellant Frances Virginia Batt Sutton, moved to intervene for the purpose of asserting a defense that the administrator refused to raise, viz., that the suit was barred by the statute of limitations. The court granted her request and she then filed an answer asserting this defense. The answer alleged that on or about December 13, 1955, the original administrator of the estate had executed an Estate Tax Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment, which by its terms had to be accepted by the Commissioner to be effective, and that on February 16, 1956, the waiver was accepted in behalf of the Commissioner. By executing the waiver, the administrator consented to an assessment of a tax deficiency and penalties in the amount of $29,683.35.

On June 5, 1962, the Government responded to the intervenor's answer by realleging that the assessments were made on March 8, 1956, and April 13, 1956, and in support thereof attached an authenticated copy of the Certificate of Assessments and Payments, which was under seal of the Treasury Department and signed by the District Director of Internal Revenue. The response concluded by asserting that the intervenor's answer did not set forth a valid defense to the Government's motion for summary judgment.

On June 28, 1962, the court called the Government's motion for summary judgment for disposition. All parties to the action, including the intervenor, were represented in court. Government counsel questioned whether the then pending motion for summary judgment applied to all the parties to the action, including the intervenor who had been permitted to intervene after the Government's motion had been filed. No objection was made to the suggestion that the motion for summary judgment be amended so as to include the intervenor or to the oral motion by Government counsel to that effect. The oral motion to amend was allowed and a hearing on the summary judgment followed. At its conclusion the district judge granted the motion for summary judgment. Subsequently, he entered findings of fact, conclusions of law, and judgment for the Government against the administrator in the amount of the assessments plus statutory interest.

A motion for a new trial was denied and this appeal followed.

Appellant argues that the proposed waiver submitted by the administrator and the written acceptance thereof by the Government constituted a binding contract and an assessment which commenced the running of the statute of limitations,[1] or at least that a genuine issue of material fact as to the meaning of the waiver and acceptance was presented which could be properly adjudicated only by a trial on the merits.

We do not agree.

■ We think it clear that the term "assessment" referred to in this section of the Internal Revenue Code of 1954 has

1. 26 U.S.C.1958 ed., § 6502 reads:
   "(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
   "(1) within 6 years after the assessment of the tax, or

"(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such 6-year period, then before such release).
* * *"

a technical meaning spelled out in the Code and that meaning is binding on this court.[2]

■ The district court properly considered the copy of the official Certificate of Assessments and Payments submitted by the Government in ruling on the motion for summary judgment. 28 U.S.C. § 1733(b); and Rule 44(a), Fed. R.Civ.P. That document shows that assessment entries were made on March 8, and April 13, 1956, in the manner prescribed by the statute and the applicable regulation. Since the present suit was filed by the Government on March 2, 1962, it was not barred by the applicable statute of limitations.

■ Appellant waived her right to insist on ten days' written notice (required by Rule 56(c), Fed.R.Civ.P.) of the motion for summary judgment as against her. She was given an opportunity to be heard after having been fully informed of the pendency of the motion through the Government's answer to her intervening motion, which answer was filed twenty-three days before the hearing. Furthermore, appellant raised no objection in the trial court about any untimeliness or deficiencies in form of the Government's oral motion to amend so as to make this motion for summary judgment applicable to her.

We hold that the district court was correct in deciding that the pleadings and the exhibits presented no material question of fact and that as a matter of law the Government's action was not barred by the statute of limitations.

The judgment is affirmed.

2. 26 U.S.C.1958 ed. § 6203 reads in part:
"§ 6203. Method of assessment
"The assessment shall be made *by recording the liability of the taxpayer in the office of the Secretary or his delegate* in accordance with rules or regulations prescribed by the Secretary or his delegate. * * *" (Emphasis supplied.)
Treas.Reg. § 301.6203–1, as amended, T.D. 6585, 1962–1, Cum.Bull. 290, reads in part:
"Sec. 301.6203–1 Method of Assessment.

"The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. * * * *The date of the assessment is the date the summary record is signed by an assessment officer.* * * *" (Emphasis supplied.)