Frank BECK, Plaintiff-Appellant,

v.

BORDEN, INC., Defendant-Appellee.

No. 83–3129.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 5, 1983.

Decided Jan. 3, 1984.

Michael L. Flynn, argued, Wade W. Smith, Jr., Youngstown, Ohio, for plaintiff-appellant.

John Weed Powers, Manchester, Bennett, Powers & Ullman, Youngstown, Ohio, William R. Neale, argued, Columbus, Ohio, for defendant-appellee.

Before LIVELY, Chief Circuit Judge, JONES, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is an action by a former employee claiming that his employer negligently failed to make contributions on his behalf to a Teamsters' Pension Fund from 1960 through 1975, depriving him of pension benefits which should have accrued during those years. Beck was employed by Borden from 1960 through 1979 and alleged in his complaint that he was a full-time employee of Borden during the entire period of his employment. After removing the case from the Court of Common Pleas to the United States District Court, Borden filed an answer in which it specifically denied that Beck was a full-time employee. In addition to its denials Borden asserted five affirmative defenses in its answer. Borden then filed a motion for summary judgment alleging that Beck had failed to exhaust the contractual grievance procedures as required by the collective bargaining agreement between Borden and Teamsters and that for this reason the court lacked subject matter jurisdiction over the complaint. This motion was supported by the affidavit of the general manager of the Borden facility where Beck had been employed.

At a pretrial conference on November 19, 1982 the court set a final pretrial conference for January 17, 1983 and set the date for trial to commence on January 24, 1983. The defendant's motion for summary judgment was filed and served on counsel for the plaintiff at the January 17, 1983 final pretrial conference. The district court did not set the motion for hearing but gave plaintiff until 4:00 p.m. on January 19, 1983 to respond. Plaintiff objected that this was not sufficient time to prepare his response and he filed a memorandum in opposition to the motion for summary judgment in which he contended that defendant's filing the motion seven days before the trial date after having had approximately three months notice of that date placed an unreasonable and unfair burden on him. He

relied specifically on the provisions of Rule 56(c), Federal Rules of Civil Procedure, which states in part, "The motion shall be served at least 10 days before the time fixed for the hearing." The district court filed its order granting the defendant's motion for summary judgment on January 24; 1983.

On appeal the plaintiff argues that he is entitled to reversal because of the district court's failure to follow the requirement of Rule 56(c). In response Borden argues that Rule 56(c) is not an inflexible command and that any error of the trial court in failing to set a hearing ten days or more following the filing of the motion was harmless because plaintiff has failed to show that he was prejudiced by the district court's action. In effect, Borden argues that plaintiff should have been ready to try the case at the time the motion was filed since the trial date had been set for three months and that the unverified statement of plaintiff's counsel that the procedure created a hardship is not sufficient. Borden contends that to avoid summary judgment plaintiff was required to comply with Rule 56(e) by filing affidavits controverting the statements contained in Borden's affidavit.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the district court committed reversible error in this case. In *Kistner v. Califano,* 579 F.2d 1004, 1006 (6th Cir.1978), we discussed the time requirement of Rule 56(c):

> Noncompliance with the time provision of the rule deprives the court of authority to grant summary judgment, *Adams v. Campbell County School District,* 483 F.2d 1351 (10th Cir.1973), unless the opposing party has waived this requirement, *United States v. Miller,* 318 F.2d 637 (7th Cir.1963), or there has been no prejudice to the opposing party by the court's failure to comply with this provision of the rule. *Oppenheimer v. Morton Hotel Corp.,* 324 F.2d 766 (6th Cir.1963).

There is no indication that the plaintiff waived the requirement in the present case and his memorandum in opposition set forth a claim of prejudice. Plaintiff was entitled to ten days to prepare a response to the motion. The fact that Borden waited so late to file its motion for summary judgment put the trial court in a difficult position. In the absence of a waiver by the plaintiff of the ten-day requirement of Rule 56(c) the district court should have either denied the motion or set it for hearing ten days hence, reserving any ruling until that time. It is generally held that motions for summary judgment are inappropriate on the eve of trial. *See Management Investors v. United Mine Workers of America,* 610 F.2d 384, 389 (6th Cir.1979).

We have not considered the merits of plaintiff's claim and our reversal implies no opinion thereon.

The judgment of the district court is reversed and the case is remanded for further proceedings.