755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FIRST TENNESSEE BANK, PLAINTIFF-APPELLEE,
v.
DR. EDWARD P. AYCOTH AND MELANIE P. AYCOTH, DEFENDANTS-APPELLANTS.
 NO. 83-5839
 United States Court of Appeals, Sixth Circuit.
 1/21/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; ENGEL and MARTIN, Circuit Judges.
 
 
 1
 Defendants appeal the district court's November 3, 1983, order granting summary judgment for plaintiff in this diversity case. The appeal has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff First Tennessee Bank (Bank) sued defendants Edward and Melanie Aycoth for the balance due on promissory notes and loan assumption agreements made in connection with the Aycoths' purchase of an apartment complex. The Aycoths answered and counterclaimed, alleging fraud. The Bank moved for summary judgment on October 26, 1983, and supported the motion with an affidavit showing that the Aycoths had defaulted on the promissory notes and the loan assumption agreements. The brief in support of the motion was filed on November 2, 1983, and was served by mail on the Aycoths on that date. The district court granted the motion for summary judgment on November 3, 1983, before the Aycoths had filed a response. The Aycoths appealed on November 4, 1983. They argue on appeal that the district court was required under Fed.R.Civ.P. 56(c) to allow them ten days to respond before granting the Bank's motion for summary judgment.
 
 
 3
 Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment 'shall be served at least 10 days before the time fixed for the hearing.' Noncompliance with this provision deprives the district court of authority to grant summary judgment un ess the opposing party has waived the requirement or has shown no prejudice by the court's failure to allow ten days to respond. Beck v. Borden, Inc., 724 F.2d 44 (6th Cir. 1984); Kistner v. Califano, 579 F.2d 1004 (6th Cir. 1978).
 
 
 4
 The Bank argues that the Aycoths waived the Rule 56(c) time limit because they failed to respond to the motion in five days as required by Local Rule 12 of the Eastern District of Tennessee. Local Rule 12(b) provides: 'Respondent's counsel desiring to submit a response, brief or affidavits, shall submit the same within five days after service of movant's motion and brief, or said respondent's brief will be deemed waived.' However, we find that, even assuming Local Rule 12 is a valid exercise of the district court's power to make rules 'not inconsistent' with the Federal Rules, see Rule 83, Federal Rules of Civil Procedure, the Aycoths were not accorded the time allowed by Local Rule 12 to respond to the Bank's motion. Rule 6(e) of the Federal Rules of Civil Procedure provides that a party has three extra days to respond if served by mail. The Aycoths were served by mail with both the motion and the brief in support. The brief was not served until November 2, 1984. Local Rule 12(a) requires a motion to be supported by a brief, and the respondent is allowed five days from service of 'movant's motion and brief' to respond. Under Local Rule 12, the Aycoths should have been allowed until November 10 to file their response. Therefore, since the Aycoths were not allowed the full time allotted by Local Rule 12 to respond, their alleged noncompliance with the Rule cannot be considered a waiver of the Rule 56(c) time provision.
 
 
 5
 The Bank also argues that even if the time provision was not waived, the Aycoths have shown no prejudice. The Aycoths claim they were prejudiced because their response would have raised factual questions on the issues of fraud and agency. Having no opportunity to respond to a summary judgment motion constitutes prejudice. Yashon v. Gregory, 737 F.2d 547 (6th Cir. 1984). In addition, a party is not required to produce actual evidence to demonstrate prejudice. Beck v. Borden, Inc., supra.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion. Sixth Circuit Rule 9(d)(4).