924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Lee SAMMONS, Plaintiff-Appellant,
v.
James R. READ, Defendant-Appellee.
 No. 90-5578.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1991.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Lee Sammons, a pro se prisoner, appeals the district court's summary judgment for the defendant in his civil complaint filed under 28 U.S.C. Secs. 1331, 1332; 42 U.S.C. Sec. 1985(3); and 18 U.S.C. Sec. 1964(c). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Sammons sued his former roommate at the Memphis Federal Correctional Institution for various state tort and federal claims arising out of a disputed gambling debt. Sammons alleged that Read lost almost $7,800 to him playing backgammon, but did not pay the debt as promised. He further alleged that, because of the debt, Read was responsible in February 1989 for circulating oral and written statements which falsely accused Sammons of organizing a prison work strike, violating institutional rules, and being a government informant. Sammons was consequently placed in solitary confinement for several days while prison officials investigated the accusations. After Sammon's release to a room next door to Read's, Read allegedly was responsible for setting fire to Sammons's room, resulting in Sammons's return to protective confinement where he remained until his transfer to another institution in April 1989.
 
 
 3
 On December 6, 1989, Read submitted a motion for summary judgment, supported by affidavits and documentary evidence. Sammons did not respond. Read's affidavit specifically denied responsibility for the three primary acts that were the subject of the complaint. The district court granted Read's motion for summary judgment on March 21, 1990, and noted that Sammons had failed to respond to the motion, relying solely on the conclusory allegations set forth in his complaint. In granting Read's motion, the court found that Sammons had failed to set forth specific facts showing a genuine issue for trial.
 
 
 4
 On appeal, Sammons argues that the district court erred in: (1) granting the motion for summary judgment without giving him ten days prior notice as required by Fed.R.Civ.P. 56(c), and (2) granting the motion for summary judgment without advising him, as a pro se prisoner, what was required to oppose properly the motion. He emphasizes that he is not seeking repayment of the illegal gambling debt.
 
 
 5
 We shall vacate the judgment because, as a pro se prisoner, Sammons was entitled under the facts of this case to receive prior notice of the court's consideration of Read's motion for summary judgment.
 
 
 6
 Fed.R.Civ.P. 56(c) requires at least ten days notice that a motion for summary judgment will be considered. See Beck v. Borden, Inc., 724 F.2d 44, 45 (6th Cir.1984) (per curiam). Sammons has not waived this notice and has shown some prejudice in light of the other pending motions and the necessity for the court to order additional discovery after the motions were made. See Kistner v. Califano, 579 F.2d 1004, 1005 (6th Cir.1978) (per curiam). Under the circumstances of this case, justice would be served by granting such notice to Sammons.
 
 
 7
 Accordingly, the district court's judgment entered March 27, 1990 is hereby vacated and the case is remanded to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.