T.C. Memo. 2001-65


UNITED STATES TAX COURT


ALAN R. WYLIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6949-00L.                    Filed March 20, 2001.


<u>Thomas W. Roberts</u>, for petitioner.

<u>Karen Nicholson Sommers</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  This case is based on a petition filed under section 6330(d).[1]  Respondent moved for summary judgment under Rule 121(a) on November 6, 2000.  The Court, by order dated November 8, 2000, required petitioner to respond to respondent's

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code applicable to the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

motion by November 29, 2000.  Petitioner did not file a response.  For convenience, we shall combine the facts, which are not in dispute, with our opinion.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand for payment, the Secretary may collect the tax by levy upon the taxpayer's property.  Section 6331(d) provides that the Secretary must provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by such a levy.

In 1998, Congress enacted section 6330 to provide protections for taxpayers in tax collection matters involving the imposition of a levy on a taxpayer's property.  See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746.  Section 6330 generally provides that the Secretary cannot proceed with the collection of taxes by way of a levy until the taxpayer has been given notice and an opportunity for administrative review of the matter (in the form of an Appeals Office due process hearing).  Judicial review of the administrative determination is available if the taxpayer petitions this Court or the appropriate U.S. District Court.  See sec. 6330(d).

On February 23, 2000, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a

Hearing. The levy related to his unpaid liability for income tax assessments for 1993, 1994, and 1995. Petitioner requested and was granted a collection due process hearing which was held on May 12, 2000. Other than objecting that the Form 4340, Certificate of Assessment and Payments, was not a proper basis to verify the assessments petitioner raised no other arguments and offered no collection alternatives. On May 19, 2000, respondent sent a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 AND/OR 6330" to petitioner (notice of determination). The notice of determination states: "The Collection enforcement action proposed is the appropriate action in this case."

Petitioner timely filed a petition seeking judicial review of that determination. Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Where, as is here, the underlying liability is not at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner alleges in the petition that respondent made the following errors in making his determination:

> (a) The appeals officer failed to get proper verification from the Secretary that the service met the requirements of any applicable law or administrative procedure as required by §6330(c)(1), 26 CFR §301.6320-T(e)(1)[sic] and 26 CFR §301.6330-T(e)(1)[sic].

(b) The appeals officer failed to furnish requested documentation prior to the hearing and failed to properly schedule and notify the petitioners of the time and date of the hearing that petitioners requested.

(c) These failures resulted in the Petitioner's and their authorized representative's inability to be present and present their case, examine documents or cross examine witnesses against them.

We have assumed that the intended reference in the petition is a reference to section 301.6330-1T(e)(1), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3411 (Jan. 22, 1999),[2] which provides:

(e) Matters considered at CDP hearing
(1) In general. Appeals has the authority to determine the validity, sufficiency, and timeliness of any CDP [collection due process] Notice given by the IRS and of any request for a CDP hearing that is made by a taxpayer. Prior to issuance of a determination, the hearing officer is required to obtain verification from the IRS office collecting the tax that the requirements of any applicable law or administrative procedure have been met. The taxpayer may raise any relevant issue relating to the unpaid tax at the hearing, including appropriate spousal defenses, challenges to the appropriateness of the proposed collection action, and offers of collection alternatives. The taxpayer also may raise challenges to the existence or amount of the tax liability for any tax period shown on the CDP Notice if the taxpayer did not receive a statutory notice of deficiency for that tax liability or did not otherwise have an opportunity to dispute that tax liability. Finally, the taxpayer may not raise an issue that was raised and considered at a previous CDP hearing under section 6320 or in any other previous administrative or judicial proceeding if the taxpayer participated meaningfully in such hearing or proceeding. Taxpayers will be expected to provide

_____

[2]Sec. 301.6320-1T(e)(1), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3402 (Jan. 22, 1999), is substantially similar to section 301.6330-1T(e)(1), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3411 (Jan. 22, 1999).

all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing.

The Appeals officer relied on a Form 4340, Certificate of Assessment and Payments, to verify the proper assessments of the taxes in issue.  Generally, courts have held that Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203.  See Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993); Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir. 1992); Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991); United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir. 1989); United States v. Miller, 318 F.2d 637, 638-39 (7th Cir. 1963).  Petitioner's argument that the production of, and reliance by the Appeals officer on, a Form 4340 to establish a procedurally proper assessment is an abuse of discretion or irregularity is without legal support.  See Davis v. Commissioner, 115 T.C. 35 (2000). "Certificates of Assessments and Payments are routinely used to prove that tax assessment has in fact been made.  They are presumptive proof of a valid assessment."  Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992) (quotation marks and citations omitted).  Petitioner has neither averred nor demonstrated any irregularity in the assessment procedure that would raise a question as to the validity of the assessment.  We therefore hold it was not an abuse of discretion for Appeals to rely, in part, on a Form 4340

for the purpose of complying with section 6330(c)(1) and section 301.6330-1T(e)(1), Temporary Proced. & Admin. Regs., supra. See Davis v. Commissioner, supra.

We find petitioner's allegations contained in paragraph (b), set out above, to be unsupported by the record. On March 30, 2000, petitioner's representative was notified that a collection due process hearing would be held on April 26, 2000. At petitioner's request, the hearing was rescheduled on April 18, 2000, and held on May 12, 2000. Petitioner was represented at the hearing by Thomas Roberts, C.P.A., and Richard Miller, C.P.A. We find as a fact that the Appeals officer furnished a Form 4340 at the hearing and notified petitioner of the time and date of the hearing. We hold that respondent provided petitioner with all required documents and provided adequate notice of the hearing to petitioner.

Petitioner's final allegation of error is that he was precluded from gaining access to documents and not allowed to cross-examine witnesses. We rejected these same arguments in Davis v. Commissioner, supra, and the reasoning stated therein is equally applicable here.

We find that respondent did not abuse his discretion when making his determination that "The Collection enforcement action proposed is the appropriate action in this case." Consequently, we shall grant respondent's motion for summary judgment. The decision in this case will indicate that we sustain respondent's administrative determination to proceed with collection against petitioner.

To reflect the foregoing,

<u>An appropriate order and decision will be entered granting respondent's motion for summary judgment</u>.