OPINION
{¶ 1} Defendant/Third party plaintiff-appellant, Baglier Buick Cadillac GMC, Inc. (Baglier), appeals a decision of the Mahoning County Common Pleas Court denying its motion for summary judgment and granting a motion for summary judgment in favor of third party defendant-appellee, Universal Underwriters Group (Universal). The court held that Baglier was not entitled to insurance coverage under a policy issued by Universal.
 {¶ 2} On June 22, 1995, plaintiffs, Barney and Diedra Mosley (Mosleys), purchased a GMC van from Baglier. Over the course of the next two years, the Mosleys experienced many problems with the van. During this time, Universal had contracted to provide Baglier with property and casualty insurance. The policy provided, in part:
 {¶ 3} "WE will pay all defense costs actually incurred to defend any SUIT asking for CUSTOMER COMPLAINT DEFENSE and EMPLOYMENT RELATED DEFENSE when such insurance is included in our declarations. WE may investigate and, at OUR option, settle any such SUIT. If WE settle a SUIT the settlement will be at OUR expense except for the applicable deductible. Otherwise, all court costs, settlements and DAMAGES assessed against YOU will be at YOUR expense."
 {¶ 4} On June 16, 1997, Baglier sold its dealership to Stupka Motors. Universal was contacted and the policies were revised to apply to Baglier's only remaining exposures (cars on consignment to Stupka Motors and remaining employees for workers' compensation coverage) until such time as Baglier's insurable interest no longer existed.
 {¶ 5} The Better Business Bureau (BBB) notified Baglier in July 1997 that the Mosleys had initiated arbitration proceedings pertaining to the van that they had purchased from Baglier.
 {¶ 6} The parties dispute whether or not Universal was notified of the BBB proceedings. Universal maintains that it never received any notification of either the claims or the arbitration. Baglier, however, claims that it notified Universal and requested legal representation under the terms of the insurance policy.
 {¶ 7} On September 8, 1997, the BBB arbitrator ordered defendant General Motors (GM), to make repairs to the Mosley's van. The Mosley's then filed a lawsuit against GM, Baglier, and other parties on October 24, 1997. The Mosleys sought damages resulting from the sale, service, or repair of the van purchased from Baglier. Baglier maintains that the claims arose and were reported during the term of the policy.
 {¶ 8} Baglier maintains that it contacted Universal immediately upon receiving notice of the suit. Baglier maintains that it requested defenses and coverage from Universal under the subject policy. Universal, however, implies that it never received such notification.
 {¶ 9} On December 8, 1997, Baglier wrote to Universal and requested the cancellation of Baglier's insurance policy. The request for a retroactivet termination date was made after the Mosleys had filed suit, yet the termination date (October 1) was 23 days prior to the date that the present suit was filed (October 24). Universal fulfilled Baglier's wishes and now claims that this was done without knowledge of the pending suit. Universal maintains that Baglier made no reference to the Mosley lawsuit in his letter of December 8, 1997.
 {¶ 10} Baglier filed its answer to the Mosley complaint on July 7, 1998. Two days later, on July 9, 1998, Baglier's legal counsel provided Universal with written notification of the lawsuit. Universal refused to provide coverage under the terms of the insurance contract due to the retroactive cancellation date which was requested by Baglier. Baglier instituted a third party complaint against Universal on May 20, 1999, alleging breach of contract and bad faith, and asking for damages and declaratory judgment seeking coverage under the terms of the insurance contract.
 {¶ 11} Baglier filed a motion for summary judgment on February 20, 2001. Universal then filed a motion with the court, requesting leave until March 22, 2001, in order to respond to Baglier's motion for summary judgment and to file its own motion for summary judgment. The trial court sustained Universal's motion for leave on March 1, 2001. A notice of assignment was issued on March 8, 2001, advising the parties that the matter was set for a non-oral hearing on March 29, 2001, and that responsive briefs were due by March 23, 2001. Universal served Baglier, by mail, its combined cross-motion for summary judgment and brief in opposition to the motion for summary judgment filed by Baglier on March 19, 2001.
 {¶ 12} Baglier filed its reply, in opposition to Universal's summary judgment motion, on March 23, 2001. On April 5, 2001, the trial court overruled Baglier's summary judgment motion and sustained Universal's summary judgment motion. Seven days later, on April 12, 2001, Baglier filed a request for findings of fact and conclusions of law. The trial court never addressed the request. This appeal followed.
 {¶ 13} Baglier raises four assignments of error. Baglier's first assignment of error states:
 {¶ 14} "THE TRIAL COURT ERRED IN DENYING BAGLIER BUICK CADILLAC GMC, INC.'S (BAGLIER) MOTION FOR SUMMARY JUDGMENT AND GRANTING UNIVERSAL UNDERWRITERS GROUP'S (UNIVERSAL) MOTION FOR SUMMARY JUDGMENT."
 {¶ 15} Baglier's second assignment of error states:
 {¶ 16} "THE TRIAL COURT ERRED WHEN IT FAILED TO ADDRESS THE POLICY LANGUAGE AMBIGUITY ISSUES RAISED BY BAGLIER IN ITS MOTION FOR SUMMARY JUDGMENT AND FURTHER FAILED TO APPLY THE CASE LAW CONTROLLING AMBIGUOUS INSURANCE POLICY LANGUAGE."
 {¶ 17} Since Baglier's first two assignments of error raises common issues of fact and legal analysis, they will be addressed together.
 {¶ 18} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 19} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.)Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 20} The "portions of the record" or evidentiary materials listed in Civ.R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317.
 {¶ 21} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293.
 {¶ 22} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995), 104 Ohio App.3d 598, 603, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 247-248.
 {¶ 23} Baglier argues that the BBB proceedings qualified as a suit under the terms of the policy and that it notified Universal of those proceedings, entitling it to coverage. Universal disputes that it had notice of the BBB proceedings. Regardless of this alleged factual dispute concerning notice, the issue is immaterial because the BBB proceedings did not qualify as a suit within the terms of the policy.
 {¶ 24} The "CUSTOMER COMPLAINT DEFENSE" clause states:
 {¶ 25} "CUSTOMER COMPLAINT DEFENSE' means any SUIT filed against YOU during the Coverage Part period by or on behalf of a customer arising out of the sale, lease, rental service or repair of YOUR PRODUCT, other than as a direct result of an OCCURRENCE or as defined in STATUTE AND TITLE EO."
 {¶ 26} The proceedings before the BBB focused on the sale, service, and repair of the Mosley's van. However, the BBB proceedings do not fall within the definition of a "SUIT" as that term is used in the "CUSTOMER COMPLAINT DEFENSE" clause. The definition of "SUIT" states:
 {¶ 27} "SUIT means a civil action for DAMAGES including arbitration or mediation to which the INSURED must submit or submits with OUR consent. A class action is one SUIT. SUIT does not mean administrative (except under INJURY Group 6 and EMPLOYMENT RELATED DEFENSE) or equitable actions."
 {¶ 28} The policy definition clearly equates the term "SUIT" with a "civil action". The use of the terms "arbitration" and "mediation" refer back to the term "civil action". Therefore, "SUIT" means a court proceeding and any arbitration or mediation arising from that court proceeding.
 {¶ 29} In this case, Baglier did not participate in, let alone incur any costs during, the BBB arbitration proceedings. Also, it does not appear as if the BBB decision had any adverse impact, financial or otherwise, on Baglier. Consequently, Baglier could not have made a claim on the policy as a result of the BBB arbitration. Furthermore, the BBB arbitration was not binding on any of the parties. Thus, the suit that was filed in the Mahoning County Common Pleas Court cannot be viewed as an extension of the arbitration proceedings.
 {¶ 30} Clearly, the lawsuit filed by the Mosley's in the lower court on October 24, 1997, falls within the definition of a "SUIT". However, on December 18, 1997, Baglier notified Universal that it wished for the policy to be cancelled. This cancellation was to have a retroactive effect, dating back to October 1, 1997, approximately three weeks before the date that the suit was filed. Therefore, regardless of whether the suit is viewed as an "occurrence" or a "claim made", as the parties argue, it fell outside the effective date of the policy.
 {¶ 31} Accordingly, Baglier's first and second assignments of error are without merit.
 {¶ 32} Baglier's third assignment of error states:
 {¶ 33} "THE TRIAL COURT ERRED BY FAILING TO GIVE THE DEFENDANT-THIRD PARTY PLAINTIFF THE TIME PRESCRIBED UNDER CIVIL RULE 56(C) TO RESPOND TO THE THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 34} Baglier erroneously contends that the court committed reversible error by denying Baglier a full fourteen days in which to respond to Universal's Motion for Summary Judgment. Civ.R. 56(C) provides as follows:
 {¶ 35} "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits."
 {¶ 36} On March 1, 2001, the trial court granted Universal leave, until March 22, to file a summary judgment motion. On March 8, 2001, the trial court issued a Notice of Assignment advising the parties that the matter was set for a non-oral hearing on March 29, 2001 and that responsive briefs were due by March 23, 2001. Universal filed its Combined Motion for Summary Judgment and Brief in Opposition of Third-Party Defendant on March 19, 2001. Consequently, Baglier had four days in which to file its reply brief.
 {¶ 37} In Wise v. Ohio Dept. of Rehab. Corr. (1992),84 Ohio App.3d 11, 15, the Tenth District addressed a similar situation as follows:
 {¶ 38} "Appellant's second contention is correct in that the trial court did not afford time for appellant to respond to appellees' motion for summary judgment, which was filed only three days before the non-oral hearing upon appellees' motion for summary judgment. Civ.R. 56(C) requires at least fourteen days' notice of the hearing. This was error on the part of the trial court. However, in light of the discussion above in connection with the first assignment of error, such error was not prejudicial. Appellant has not suggested, nor we can conceive of, any evidentiary material that could have been presented that would have varied the result in this case. Only a question of law is presented and the trial court correctly determined that issue of law, namely, that neither declaratory judgment nor mandamus is an appropriate remedy under the circumstances herein. Accordingly, there being no prejudicial error, the second assignment of error is not well taken." See, also, Beck v. Borden (C.A.6, 1984), 724 F.2d 44, Hoopes v. Equifax (C.A.6, 1979), 611 F.2d 134.
 {¶ 39} In this case, Baglier has failed to demonstrate prejudice. They have not advanced any arguments that could have been presented that would have varied the result in this case.
 {¶ 40} Accordingly, Baglier's third assignment of error is without merit.
 {¶ 41} Baglier's fourth assignment of error states:
 {¶ 42} "THE TRIAL COURT ERRED BY FAILING TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS REQUESTED BY BAGLIER UNDER CIVIL RULE 52."
 {¶ 43} Baglier incorrectly asserts that trial courts are required to furnish, upon motion by one of the parties, findings of fact and conclusions of law with respect to summary judgment motions. Baglier correctly indicates that parties may request the court to issue findings of fact and conclusions of law under Civ.R. 52:
 {¶ 44} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law. * * *"
 {¶ 45} Baglier, however, failed to consider the remainder of the rule. The second to last paragraph of Rule 52 states:
 {¶ 46} "Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56." (Emphasis added.)
 {¶ 47} Therefore, the trial court in this instance was not required to issue findings of fact and conclusions of law.
 {¶ 48} Accordingly, Baglier's fourth assignment of error is without merit.
 {¶ 49} The judgment of the trial court is affirmed.
Judgment affirmed.
Waite, J., and DeGenaro, J., concur.